This is a compensation suit in which there is no dispute as to the serious and disabling injury sustained by the plaintiff in an accident arising out of and in the course of his employment with the defendant. As a matter of fact he was paid compensation by the employer for 72 weeks, was then given light work to do, but on account of an aggravation of the injury was again put on compensation. The employer again gave him light work but with the same result as on the previous occasion and he had again to go on compensation. In addition to this, the employer paid all medical and hospital bills incurred in plaintiff's treatment and these amounted to the sum of $1,656.60. The plaintiff's wages, at the time of his injury, amounted to $8.10 weekly, and therefore he was entitled to receive compensation at the rate of $5.27 per week, which was the amount paid him as such. It is readily seen therefore that this is a case in which there was honest and sincere co-operation on the part of both the employer and the employee to work out the matter of compensation as harmoniously as possible and indeed, the defense to the claim as now presented is that an amount in excess of the entire compensation that could have been due had already been paid and that there is no further liability.
Counsel for plaintiff contends, however, that what was paid plaintiff while he was engaged in doing lighter work constituted earnings on his part and cannot be taken into account in arriving at the amount of compensation that is due him. He contends further that while in the course of his re-employment by the defendant, the Federal Wage and Hour Law, known as the Federal Fair Labor Standards Act of 1938, 29 U.S.C.A. § 1 et seq., went into effect and that his wages were correspondingly increased to meet the requirements of that law and therefore the rate of compensation which originally was $5.27 increased with each rise in the rate of wages and should be computed on the scale of such wages. There were two such increases during the period of re-employment and he contends that the rate of compensation should be raised to meet each for the respective periods involved.
The lower court awarded judgment in favor of the plaintiff for 400 weeks compensation at $5.27 per week, allowing credit for a total of 162 weeks which, as we understand, include what was, properly speaking, compensation, out of the money paid as wages during those periods when the employee was given lighter work. Defendant has appealed and plaintiff has answered the appeal asking for an amendment in the judgment so as to allow compensation at the higher rate according to the graded rate of higher wages.
The defendant's contention that plaintiff has been overpaid what was due him as compensation cannot stand in view *Page 170 
of the decisions of the Supreme Court on the question of an employee being paid regular wages by his employer for doing lighter work after he had been injured. The case of Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, is controlling on that point. The only thing which redounds to the kindliness or beneficence of the employer who thus favors an injured employee seems to be that that part of such wages paid by him which amount to the sum of compensation due during the periods of employment, are deductible from the total amount of compensation that is recoverable. That as we view it, is the holding in the case of Carlino v. United States F. G. Co., 196 La. 400, 199 So. 228, 232, and seems to be authority therefore for the deductions made by the trial judge in this case although he was in error in allowing credit for 162 weeks instead of 190 as the records and the testimony show. The trial judge seems to have adopted the computation of counsel for plaintiff under which he seems to claim that payments made by the employer ceased on May 7, 1940. But by the very allegations of the petition and according to the evidence, they continued until November 22, 1940, or an additional period of 28 weeks which, added to the 162 weeks allowed, makes a total of 190 weeks.
Defendant seems to contend further that the amount paid for medical and hospital services should also be taken into account in making the deductions but with that we cannot agree. The only amount that can be deducted on this item is the sum of $250 as provided for in the compensation statute. Subsec. 5, Sec. 8, Act 20 of 1914, as amended by Act 242 of 1928. In order to be relieved from payment of the excess of that sum for such services, the employer should have had an agreement with the plaintiff. This question was recently considered and decided by this court in two cases. Hunt v. Magnolia Petroleum Corp., La.App., 10 So.2d 109 and Thompson v. Leach McClain et al., La.App., 11 So.2d 109.
That leaves for further discussion the question raised by plaintiff with regard to the increase in the rate of compensation. Counsel concedes that it is a new point and has no authority to support it. Under the explicit wording of the statute, however, compensation is based on average weekly wages paid the injured employee and the term "wages" is defined to be the daily rate of pay for which he was recompensed under the contract of hiring that was "in force at the time of the injury". (Italics ours). See Par. 3, Sec. 8 of Act 20 of 1914 as amended by Act 242 of 1928. Under the contention made we would have to hold that there was a new injury at each time plaintiff went to work performing lighter duties when he was paid in accordance with the new scale of wages under the Fair Labor Standards Law. But in his petition plaintiff does not claim that there was a new and subsequent injury under another and different contract of hiring. On the contrary, he specifically alleges that on those occasions, his injury was aggravated only. He had only one injury and for it to have become aggravated, necessarily it had to be the same injury which he had originally sustained under the contract of hiring when he was receiving the original rate of pay on which his rate of compensation was, in our opinion, correctly computed.
For the reasons stated it is therefore ordered that the judgment appealed from be amended by increasing the number of weeks for which the defendant is to be given credit as for compensation payments made, from 162 to 190 weeks, and that as thus amended, it be affirmed.