**20 So.2d 173**

## HOLLIDAY v. MARTIN VENEER CO.

### No. 37395.

### Nov. 6, 1944.

C. Paul Phelps, of Ponchatoula, and Fred G. Benton, of Baton Rouge, for applicant.

J. H. Inman, of Baton Rouge, for respondent.

FOURNET, Justice.

Enoch Holliday, alleging that he was totally and permanently disabled as the result

of an injury sustained on March 16, 1937, during the course of his employment, is seeking to recover compensation from his employer, Edward B. Martin, who operates a lumber business (a hazardous occupation) in the name of the Martin Veneer Company, under the Workmen's Compensation Act, Act No. 20 of 1914, subject to a credit for the compensation payments made at the time of this suit and off-set compensation out of the wages received by him during two periods of re-employment by his employer following the accident. He also seeks to have such compensation increased following the periods of his re-employment by computing the amount due him at 65% of the wages received during these periods—25¢ an hour from January 1, 1939, to December 21, 1939, and 30¢ an hour from December 21, 1939, up to and inclusive of such period as will represent 400 weeks—and not at 65% of the 13½¢ an hour received by him at the time of his injury for the entire 400-week period.

The defendant admitted the plaintiff's employment and injury, the hazardous nature of his business, and the plaintiff's re-employment as a lumber grader on two occasions following his injury, but averred that all of the compensation due should be computed on the basis of 65% of the wages earned by the plaintiff at the time of his injury, such increases as were made in the wages paid him during the periods of his re-employment having been in accordance with the provisions of the wage and hour law that went into effect subsequent to the injury. The defendant also averred that the plaintiff's duties as a lumber grader required little or no physical effort and that the refusal to continue compensation payments subsequent to November of 1940 had been justified by the plaintiff's refusal to submit to further medical treatment and hospitalization. By way of reconvention, the defendant sought to recover the amount of $251.60, allegedly paid the plaintiff in excess of the compensation payments due.

The case was tried on an agreed statement of facts wherein it was stated that every material stipulation in the petition and answer were admitted. In addition to this statement, we have in the record the testimony of Mrs. August McGee and Julius Guichet, bookkeepers for the defendant, relative to the plaintiff's employment, rate of pay, and the amounts paid on his behalf for medical care and hospitalization, as well as that of the defendant owner of the company who stated the plaintiff, in his physical condition, "could do light work" and had been given re-employment in order to help him out.

The trial judge rejected the reconventional demand of the defendant and rendered judgment in favor of the plaintiff for compensation at the rate of $5.27 a week for a period of 400 weeks, beginning from the date of his injury, March 16, 1937, with legal interest on each weekly payment until paid and costs, less a period of 162 weeks, during which time compensation or wage payments had been made by the defendant.

The appellate court for the first circuit amended this judgment by increasing the

number of weeks for which the defendant was given credit to 190. Holliday v. Martin Veneer Company, La.App., 15 So.2d 168, 169. The matter is now before us on a writ of certiorari granted on the plaintiff's application in which he contends (1) that the amounts paid him while he was working for the defendant as a lumber grader constitute earnings and cannot be considered in computing the amount of compensation due him, and (2) that the amount of compensation due him from and after his re-employments by the defendant should be computed on the basis of the wages paid him during the periods of such respective re-employments and not on the basis of the wages paid him at the time of his injury.

In disposing of the first issue raised the Court of Appeal said:

"The defendant's contention that plaintiff has been overpaid what was due him as compensation cannot stand in view of the decisions of the Supreme Court on the question of an employee being paid regular wages by his employer for doing lighter work after he had been injured. The case of Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, is controlling on that point. The only thing which redounds to the kindliness or beneficence of the employer who thus favors an injured employee seems to be that that part of such wages paid by him which amount to the sum of compensation due during the periods of employment, are deductible from the total amount of compensation that is recoverable. That as we view it, is the holding in the case of Carlino v. United

States F. & G. Co., 196 La. 400, 199 So. 228, 232, and seems to be authority therefore for the deductions made by the trial judge in this case * * *."

We think the court is in error in its appreciation of our holding in these two cases. The question of whether or not compensation due an employee during the period of his total permanent disability could be off-set by wages paid him for doing light work for his employer during such period was not an issue in the Valentine case, while in the Carlino case, where the employee sued his employer's insurer and not his employer, as here, we held that an employee was not entitled to recover compensation payments from his employer's insurer during the period he was being paid an *unearned salary* by such employer, but that the insurer could not be allowed to deduct as a credit against the compensation due the employee the amounts in excess of such compensation paid thus gratuitously by his employer.

However, the plaintiff having alleged in his petition, and prayed accordingly, that the defendant is entitled to be credited with the compensation that had accrued during the periods of his re-employment by way of off-set against the wages received during such period, we are powerless to render a decision in his favor to the contrary. Articles 156 and 157 of the Code of Practice.

Counsel not only admit their second contention raises an issue never before passed on by this court and that they could find no authority in support thereof, but

they also fail to assign any good or logical reason to sustain the same. This issue was, in our opinion, properly disposed of by the Court of Appeal and we therefore quote with approval the following from its opinion:

" * * * Under the explicit wording of the statute * * * compensation is based on average weekly wages paid the injured employee and the term 'wages' is defined to be the daily rate of pay for which he was recompensed under the contract of hiring that was *'in force at the time of the injury.'* * * * See Par. 3, Sec. 8 of Act 20 of 1914, as amended by Act 242 of 1928. Under the contention made we would have to hold that there was a *new* injury at each time plaintiff went to work performing lighter duties when he was paid in accordance with the new scale of wages under the Fair Labor Standards Law. But in his petition plaintiff does not claim that there was a new and subsequent injury under another and different contract of hiring. On the contrary, he specifically alleges that on those occasions, his injury was *aggravated* only. He had only one injury and for it to have become aggravated, necessarily it had to be the same injury which he had originally sustained under the contract of hiring when he was receiving the original rate of pay on which his rate of compensation was, in our opinion, correctly computed."

For the reasons assigned, the judgment of the Court of Appeal for the First Circuit is affirmed, all costs incurred in this court in connection with this writ to be paid by the plaintiff.