This is a suit for compensation instituted by the plaintiff against the Maryland Casualty Company, compensation insurance carrier for Aluminum Ore Company, his former employer. He was employed as a guard or watchman and his duties required him to punch time clocks at various designated points about the plant which is situated north of the city of Baton Rouge. One of the clocks was located on the top of one of the tanks or stills and to get to and from it plaintiff was obliged to go up and come down a flight of stairs.
On October 8, 1944 while performing his services and descending the stairway he slipped and fell on his back and sustained an injury which rendered him totally disabled. He reported to the company doctor, Dr. James R. Godfrey, who treated him at Our Lady of the Lake Sanitarium for traumatic sciatic neuritis until November 4, 1944 when, at the request of the employer, he was transferred to the Mercy Hospital in New Orleans and placed under the care of Dr. George C. Battalora, orthopedics specialist. Dr. Battalora diagnosed his trouble as a rupture of a lower lumbar intervertebral disc.
Plaintiff's wages were of an amount sufficient to entitle him to the maximum amount of compensation under the law, which he was paid regularly until about January 2, 1945, when, at the request of his superior, Chief Grangeville C. Grace, the company being then short of guards, he reported back to the plant. He was given to understand however that he would be placed on light duty and would not be required to do any climbing or other hard work. He performed light duties as he had been given to understand and in the meantime the plant changed hands from the Aluminum Ore Company, which had been operating it, to W. Horace Williams Company under a contract with the government to maintain it.
Plaintiff was advised that an operation would rectify his trouble but he did not submit to it. On the contrary he wore a belt which was prescribed for him by Dr. Battalora. He had had a hernia before which had been successfully operated but he claims that by wearing this belt he has had a recurrence of the hernia and therefore he is doubly disabled. Most of the facts just stated are alleged in the plaintiff's petition to which defendant filed a plea of prematurity and exceptions of no right of action and of no cause of action. These exceptions were all overruled by the trial court after which the defendant under reservation, filed its answer.
In its answer it admits that plaintiff was employed by the Aluminum Ore Company in the capacity stated, but it denied, either categorically or from lack of information, all the remaining allegations of the petition with the exception that it paid workmen's compensation to the plaintiff from October 11, 1944 to January 9, 1945, or a period of 13 weeks.
After trial in the court below there was judgment in favor of the plaintiff for the full amount of compensation not to exceed 400 weeks beginning October 10, 1944, subject to a credit of $20.00 per week for 55 weeks and one day. The effect of the judgment is to allow defendant further credit for the number of weeks plaintiff remained in its insured's employ, doing lighter duty, to whatever extent the payments he received amounted in compensation it owed him. The judgment denied the plaintiff the medical expenses prayed for in the sum of $500.00.
From that judgment the defendant took this appeal and plaintiff answered asking that the judgment be amended by granting *Page 98 
him a reservation to sue for additional medical expenses which he might hereafter incur.
The exceptions which were overruled below are referred to in brief of counsel for defendant but the points on which they are urged are not discussed. We take it therefore that the whole defense rests on the merits of the case.
The facts are not greatly disputed. Defendant did attempt to show that plaintiff was performing the same duties which he had been performing before his accident but failed in this attempt as it is definitely shown that the duties he now performs do not require any extended walking on his part and positively he does not have to do any climbing up and down stairs.
[1] The principal defense, as we view it, is based on the same legal proposition that was passed on in the case of McKenzie v. Standard Motor Car Co., La. App., 15 So.2d 115, and which elaborated a bit on the opinion on this point in the case of Thompson v. Leach McClain, La. App., 11 So.2d 109. The question decided in those two cases was that an injured employee who went to work for a new employer, doing lighter work than he used to perform under the employment in which he was injured, was entitled nevertheless to recover compensation from the insurer of his former employer. The reason assigned for making the distinction when he works for a new employer is that he is then receiving wages from a party who does not owe him compensation for which he had been insured by the employer for whom he was working when he was injured.
Counsel for defendant do not seem to criticize the ruling made in those cases as a legal proposition but they try to make a distinction in this case on the point that the injured employee, although working for another employer, is still engaged in performing whatever duties he is, in the same industrial plant. The determining factor in deciding the question however is not one which relates to the factory or plant or place where the employee is working, but to who his employer is. If he has a different employer he is entitled to recover compensation from the insurance carrier of the one he was working for at the time he was injured no matter where his place of employment may be.
[2] Counsel further urge that in this case the United States Government owned this aluminum plant and what happened in the change, as far as this employee was concerned, was merely a transfer of the maintenance of that plant. But the question of the ownership of the plant has nothing to do with the matter as again, we repeat, the employee's right to compensation is governed by the relation that exists between him and his employer. When W. Horace Williams Company took over the maintenance of the plant, the Aluminum Ore Company got out and when the plaintiff went to work for the W. Horace Williams Company he established an entirely new relationship of employment and one in which he had nothing any longer to do with the Aluminum Ore Company except with regard to the compensation due him. He did continue to work for that employer, performing lighter duties, for almost a year after he had been injured, and in that respect the judgment of the lower court correctly allowed that employer's insurance carrier, defendant herein, credit out of the wages paid to the extent of compensation that was due him. On the termination of that relationship however compensation was still due him as long as he continued to be disabled and that, defendant will have to pay his notwithstanding the fact that he is now receiving wages for performing lighter duties for W. Horace Williams Company.
[3] The final point which counsel urge is that defendant is entitled to credit not only for the amount of compensation that was due plaintiff so long as he continued to work for the Aluminum Ore Company but that it should be given credit for the full amount of the wages paid by that company. That point however seems to have been decided adversely to the contention made in cases where the defendant, as in this case is the insurance carrier of the employer who retains an injured employee on light duty, and not that employer himself. See comments in Holliday v. Martin Veneer Co., 206 La. 897,20 So.2d 173 *Page 99 
on the opinion in the case of Carlino v. United States Fidelity Guaranty Co., 196 La. 400, 199 So. 228.
By a stipulation found in the record it appears that all medical and hospital expenses incurred in plaintiff's treatment have been paid by the defendant and no proof appears that any such expenses will have to be hereafter incurred. Should the necessity arise therefor that question can be determined without the reservation prayed for in plaintiff's answer to the appeal.
Judgment affirmed at the costs of the defendant, appellant.