On April 18, 1947, plaintiff, an employee of the Brown Paper Mill Company, Inc., while engaged in his duties in the machine room at the company's West Monroe plant, suffered a right inguinal hernia. After an operation and seven weeks convalescence during which he was paid compensation, he returned to work at defendant's mill. A recurrence of the hernia occurred, and after a second operation on January 12, 1948 and a convalescence period which ended on April 7, 1948, during which time compensation was again paid plaintiff, he returned to his employment at defendant's mill and continued to work there regularly until the date of the trial of the case in the Ouachita Parish District Court, and presumably is still so employed. Plaintiff's petition sets forth that he is permanently and totally disabled to do any work of a reasonable character within the meaning of the compensation act, alleging specifically that even after he returned to his duties with defendant company, he continued to suffer from extreme tenderness in his right inguinal region; that there was a complete atrophy of the right testicle resulting from the surgery; that the cord below the external ring is entremely tender; that he *Page 502 
suffered pain in these portions of his body when exerting himself or performing any work requiring muscular action. The prayer was for compensation during disability not exceeding four hundred weeks, less credits, and for $500 medical expenses. The petition recited a contract to pay attorney's fees of 20% of the amount recovered, not to exceed $1,000.
Defendant in answer admitted the occurrence of the hernia and its recurrence as alleged; set forth that compensation had been paid during all the time that plaintiff remained away from work; that plaintiff had continued in his employment with defendant, performing the same work which he was performing prior to the accident, without complaint and without evidence of disability, and asked for judgment rejecting plaintiff's demands.
The District Court found that plaintiff had suffered complications as a result of the second operation, including atrophy of the right testicle and cord; that the plaintiff continued to suffer pain, but concluded that he was able to perform the duties required of him as a starch cooker, the position he was holding at the time of the trial and which he had held some months prior thereto. The District Judge then held that since plaintiff returned to a job in the starch room, which was under the same superintendent as is the machine room, in which plaintiff worked at the time of his injury, that plaintiff was able to do the same type of work as he was doing prior to the accident and rendered judgment in favor of defendant.
Plaintiff's appeal from that judgment is now before us.
Plaintiff was employed in that portion of defendant's mill in which pulp — evidently prepared in another section of the mill on the same premises — was further processed, spread thinly over huge moving runways, dried and converted into paper. The workmen in this department have jobs of varying character and each man who continues to work for the company is moved up into better paying spots as vacancies occur and in accordance with a recognized and established plan of promotion. A refinery room is one of the operations under the control of the machine room superintendent. A helper's job there is ahead, in the company's scale of promotion and pay schedule, of a starch cooker, and it is a custom of the overall foreman to assign a senior starch cooker to fill temporary vacancies in the refinery room and for this senior starch cooker to eventually move permanently to the refinery room. Usually the refinery room helper has little physical work to perform. However, the helper's duties, on occasions, require considerable strength to be used in tightening down with long wrenches certain heavy bolts and loosening the same bolts when this procedure is required by the senior workman. Plaintiff's duty in the starch room is one of attending to the flow of starch and other materials into the tanks. A two wheel hand truck is provided for the moving of the hundred pound bags of starch from the stack to the starch tank and a winch and chain lifting arrangement is provided, which makes light work of hoisting these sacks into position to be dumped into the starch cooking vat.
Plaintiff's contention is that, as a result of the after effects of his second operation, he not only is unable to perform the work in which he was engaged when injured, but also that he cannot satisfactorily perform the duties required of refinery room helper, and since this is the next step in the promotional ladder above that of starch cooker, where he was employed at the time of the trial, he will be permanently prevented from receiving any promotion, and thus be deprived of the normal advancement that would have been his had he not been injured or had the post-operative complications not occurred.
Defendant's contention is that such pain and tenderness as plaintiff has in the region of the surgical scar and the atrophied cord and organ is of a temporary nature and that plaintiff is able and will be able to perform all the duties required of him in the position which he held at the time of the injury.
Lay and medical testimony introduced by both parties is in agreement insofar as establishing that plaintiff, as a result of *Page 503 
the second operation, is suffering from a complete and permanent atrophy of the right testicle and cord. The record sustains plaintiff's testimony that he suffered from tenderness over the operative scar, in the region of the atrophied cord and testicle; that he experienced, on occasions, pain in the right groin, right and low back, and down the inside of his right leg to the knee. Dr. Cummins' testimony is that the pains in the groin, back and upper leg are typical of the distribution of genito-urinary pain.
At the time of the trial and for some months previous thereto, plaintiff was engaged in a job which required less physical exertion and manual labor than the position in which he was employed at the time of his injury. He was able to carry out these duties with some discomfort.
Plaintiff's duties at the time of his injury, those of broke hustler, required considerable physical exertion. At the time of the trial his condition was such that these duties could not be performed without pain and discomfort.
In the case of Lee v. International Paper Company, La. App.,16 So.2d 679, this Court rendered judgment for four hundred weeks compensation in favor of the plaintiff under a finding that plaintiff was unable to perform the duties of his employment without suffering pain due to the injury which he had received. Since the record in the case before us shows that plaintiff suffered some pain upon performing the duties of the position which he occupied at the time he was injured, and also upon performing the manual duties required of him — at times — on the job to which he would have been promoted in normal course had his injury not occurred and he retained his full physical ability, it follows that he is totally and permanently disabled from performing work of a reasonable character under the workmen's compensation act of this State.
Plaintiff was paid compensation during the period of his recovery from each of the two hernia operations. Beginning each time with the day he returned to work with the defendant, he was paid wages in excess of those received when he was injured. The Court in the Lee case, supra, allowed the defendant credit for compensation due the plaintiff during the twenty-four week period he was paid wages by the defendant, for doing work of a lighter character than that he was doing before the injury.
The Court in the case of Carpenter v. E. I. Dupont DeNemours Company, La. App., 194 So. 99, considered that the payment of full wages to an employee, previously injured, is justly to be considered as paid in lieu of compensation. In the Carpenter case, the question to be decided was whether the payment of full wages for doing lighter work should be considered as the payment of compensation for the purpose of interrupting prescription. The Court held that the wages so paid were in lieu of compensation and that prescription was thereby interrupted.
As a matter of equity and in view of the holdings in the two above cited cases, we have concluded that defendant should be allowed credit for compensation during such time as plaintiff has received from it full wages for performing work lighter than that in which he was engaged prior to his injury.
The judgment appealed from is set aside and judgment is now rendered in favor of plaintiff, Winfred Perkins, and against the defendant, Brown Paper Mill Company, Inc., in the sum of $20 per week for the period of disability, not to exceed four hundred weeks, the first payment being due April 25, 1947, and further payments each week thereafter, with five per centum per annum interest on each past due payment, less a credit for compensation paid and less a further credit of $20 per week for each week during which plaintiff has received from defendant wages in excess of $20 per week. Judgment is further rendered in favor of plaintiff and against defendant for $50 medical expenses. Judgment is further rendered recognizing the lien and privilege of C. Elliott Thompson, Attorney, to the extent of 20% of such amounts as may be paid plaintiff under this judgment, said 20% not to exceed $1,000. Defendant to pay all costs. *Page 504