HARDY, Judge.
This action was instituted by plaintiff against his employer and the latter’s insurer, praying for an award of compensation as for total permanent disability. Defendants filed a plea of prematurity, and, following trial thereon, the plea was overruled. After trial on the merits, and before judgment, plaintiff died, and his surviving widow and children were substituted as parties plaintiff. From a judgment in favor of said substituted plaintiffs for compensation benefits due up to the time of death of their decedent, the defendants prosecute this appeal.
The original plaintiff, claimant of compensation, was employed as a farm worker for the defendant, Wemple, on the latter’s plantation near Cheneyville, and was injured in the course of the performance of his duties on April 2, 1955, when he fell from a horse and suffered a comminuted fracture of the head of the right humerus. Following the accident claimant was treated by his family physician, Dr. M. J. Hair of Lecompte, who, some ten days later, referred him to Dr. Banks and Dr. Davis of Alexandria, specialists in orthopedic surgery. During the course of treatment by these physicians, the claimant was hospitalized and given physiotherapy for a brief period in July. Subsequently a condition described as a frozen, or semifrozen shoulder developed and the employee underwent physiotherapy treatments for a period of some two weeks beginning about the middle of August. These treatments were voluntarily discontinued by the claimant on September 1, 1955, and were not thereafter resumed. On or about September 6th, plaintiff advised the defendant insurer that he had discontinued treatments and desired a settlement: This request was *573 refused, compensation payments were terminated, and this suit was instituted.
The principal issue presented on this appeal is found in the averment of lack of cooperation on the part of the injured employee, which is urged as a defense against his claim. A corollary issue, in the event of the failure of the asserted defense, involves the question of credit for wages paid by the employer after the employee’s return to work.
The contention of failure of cooperation is predicated upon the employee’s voluntary termination of physiotherapy treatments, which action is asserted by defendants to have been arbitrary, unreasonable and unjustified.
The district judge in a written opinion correctly concluded that the burden of establishing the defense rested upon the defendants and necessitated the establishment of the employee’s willful failure to cooperate with medical treatment as the cause of his continuing disability by such degree of proof as to be clear, convincing and conclusive; citing Thomas v. Crown Zellerbach Corporation, La.App., 101 So.2d 478, and the cases therein noted.
The factual basis for the above conclusion is set forth in detail by the district judge, and our examination of the record has served to convince us that neither the conclusions nor the reasons sustaining the same evidence manifest error. We do not find it necessary to enter into an involved and detailed discussion of the testimony comprehended in the somewhat voluminous record. It suffices to say that we think the preponderance of the testimony, and particularly that of the physiotherapist, amply justifies the conclusion that the treatments were accompanied by severe pain. Without entering into a consideration of the question as to the requirement upon an injured employee to submit to medical treatment even though such treatment may inevitably involve seriously painful experiences, we are of the opinion that submission to painful treatment under the circumstances of the instant case could be considered as necessary only if definite and certain benefits would be assured as the result thereof. After thoroughly considering and analyzing the testimony of witnesses for both plaintiff and defendant, we are completely in accord with the finding of the district judge that the evidence does not justify the conclusion that plaintiff was even reasonably assured that the seriously painful treatments which were recommended by the physicians in the case would result in full restoration of his injured shoulder. We are not unmindful of the serious and sincere contention of distinguished counsel for defendants on this point, but we think his conclusion, predicated upon the testimony of Drs. Banks and Davis, is untenable. We have carefully examined the testimony of these experts and we find that their prognosis is most uncertain, indefinite and unsatisfactory. It appears from their testimony that they repeatedly advised their patient that daily physiotherapy treatments, in their opinion, would give him a “good” or “useful” shoulder, but beyond these somewhat guarded statements they did not express an opinion; neither did they fix any reasonably certain period of time in which the treatments should be administered. The physiotherapist himself testified that he could give no assurance that his therapy treatments would restore full range of motion to the injured member, nor could he estimate the length of time which would be required for the treatments to effect maximum recovery.
Under these facts, which could be developed more at length, we can perceive no ground for characterizing the action of the injured employee in discontinuing treatments as arbitrary, unreasonable or unjustified.
It follows from this conclusion that the substituted parties plaintiff are entitled to judgment, which makes necessary a consideration of the opposed contentions of *574 the parties litigant with respect to the allowance of credits. It is urged on behalf of defendants that they are entitled to credit for wages earned by the employee after he returned to work, while plaintiffs insist that credit should be limited to the amounts of compensation paid, and the ^>ages earned should not be considered.
In the latter part of November, 1955, the employee returned to work on the farm of defendant, Wemple, and received payment of $15 per week, one-half of his effective wages as at the time of occurrence of the accident, for the performance of limited services. The rate of wage was increased to $25 per week in December, 1955, which compensation continued until the original claimant discontinued his employment and moved off of the Wemple place on October 13, 1956.
The claimant testified on trial that he returned to work by reason of compelling economic necessity; that his work was performed in pain; that he was unable to fulfill all of the duties which he had discharged prior to his injury, and that it was necessary for him to be given substantial help in connection with his work. These facts were corroborated by his employer, Mr. Wemple.
We are here confronted with the somewhat vexing legal question as to the allowance, vel non, of credits for wages received as against compensation due. It must be conceded that our jurisprudence is neither entirely clear nor invariably consistent.
Reviewing the latest cases involving the point under examination, we find in Livaccari v. Fidelity & Casualty Company of New York, La.App., Orleans, 118 So.2d 275, that a credit for wages earned in the same capacity and for the performance of the same duties was allowed against compensation, while wages earned in a different capacity, were disallowed. In Smith v. Houston Fire & Casualty Insurance Co., La.App., 116 So.2d 730, this court refused to permit an employee, though totally disabled and working in pain, to recover both wages and compensation, citing Goodman v. Hillyer, Deutsch, Edwards, Inc., La.App., 49 So.2d 60. In Pohl v. American Bridge Division, United States Steel Corporation, La.App., Orleans, 109 So.2d 823 (writs denied), the court held it would be inequitable to permit the plaintiff to recover both wages and compensation from his employer, and allowed credit to the extent of maximum compensation for each week which plaintiff was employed after the accident in the same capacity performing the same duties as before. In Beloney v. General Electric Supply Company, La.App., Orleans, 103 So.2d 491, the court allowed a credit against compensation for wages earned in performing identical duties with and for his employer.
The question before us in the instant case is differentiated under the facts from the cases above cited. While an inequitable result would follow from awarding maximum compensation in addition to earnings of the same or greater wages in the performance of the same work with the same employer, we do not perceive the inequity of allowing compensation where the wages paid are less, the duties lighter and the performance of the duties accompanied by substantial pain. Under an opposed interpretation “the compulsion of economic necessity” would lose all force, meaning and effect. In view of the circumstances of this case, we find no error in the judgment by reason of failure to allow credit of wage payments against compensation. For a discussion of this point reference is made to Malone’s “Louisiana Compensation Law and Practice”, § 402, p. 154, 1960 Supplement, in which are cited Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 and Myers v. Jahncke Service, La.App., 76 So.2d 436.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.