ON REHEARING
Before ELLIS, LOTTINGER, HER-GET, LANDRY and REID, JJ.
LANDRY, Judge.
In this suit for workmen’s compensation benefits we initially rendered judgment herein in favor of plaintiff-employee decreeing said employee totally and permanently disabled and entitled to the maximum benefits provided by the workmens compensation laws of this state. In addition we held that following the disabling accident sustained by -plaintiff-appellee the duties performed for his employer were the same as those in which plaintiff was engaged prior thereto but that since plaintiff-appel-lee did not fully perform the duties of his position, compensation and other benefits furnished and paid him by his employer following the accident were gratuities for which defendant-insurer was entitled to credit against compensation due. We further held that because of the failure of the trial court to permit the introduction of evidence regarding the remuneration paid plaintiff prior to his injury as well as the failure of the record to show precisely how long plaintiff’s employer remunerated plaintiff following the accident, we were unable to determine the exact credit due appellant and, therefore, remanded the case to the trial court for the purpose of ascertaining the amount of credit due appellant-insurer.
Upon the application of both appellant and appellee a full and unlimited rehearing was granted herein so that we might *919 further consider the several issues presented in the instant matter.
Appellant urges first that we erred in finding for appellee despite the alleged lack of showing of causal relation between ap-pellee’s disability and his employment and secondly, that error was committed in .awarding plaintiff statutory penalties and attorney’s fees. On the other hand, appel-lee maintains we were remiss in permitting appellant credit against compensation ■due for wages paid appellee by his employer subsequent to the disabling accident and in addition urges that the award of attorney’s fees initially made herein be increased.
Considering first appellant’s contention that the judgment previously rendered herein in favor of appellee should be annulled and set aside because of the averred failure of the record to establish causal connection between plaintiff’s disability and his employment by appellant’s insured, we find appellant’s position, in essence, to be that the trial court made no express mention of the fact of causal relation in its reasons for judgment, consequently, the issue was never adjudicated and we, therefore, committed error in sustaining the decision of the lower court on the “manifest error doctrine”. The conclusion drawn by able counsel is not substantiated by the record. We note that our brother below concluded that plaintiff had proved his case “by overwhelming preponderance of the evidence” and in our original decree we reviewed the testimony at length and found no palpable error in the trial court’s judgment.
In his brief and argument before this court learned counsel for appellant presents for our consideration the same arguments advanced on appeal with regard to the issue of causal relation or connection with plaintiff’s disability and employment. We believe said issue was fully and adequately discussed in our original opinion and feel that the views expressed therein answer all arguments tendered by appellant •on rehearing. We likewise feel that no useful purpose would be served by reiterating those views herein.
We deem of considerable importance, however, the question whether defendant-insurer is entitled to credit as an offset against compensation due or to become due appellee by virtue of certain alleged unearned wages or gratuitous payments reputedly made appellee by his employer subsequent to appellee’s injury on May 27, 1959.
In the original decree rendered herein the following conclusion was reached:
“Plaintiff was not employed in any different occupation or capacity as his former employment included supervisory duties. However, it is clearly shown in this case that he was not expected and did not fully perform these duties and that compensation paid or other benefits furnished were gratuitous (sic) on the part of his employer.”
In so holding we now feel that we fell into error for the reason that the record as presently constituted is devoid of certain vital evidence necessary to substantiate the conclusion reached.
 In dealing with the perplexing problem thus presented for determination we must proceed in the light of certain principles which appear well established in our jurisprudence. It seems well settled that unearned wages paid a disabled employee in lieu of compensation are considered a gratuity intended by both employer and employee as a substitute for compensation benefits due the employee thereby entitling the employer for credit for one week of compensation for each week during which such wages paid equal or exceed the employee’s compensation rate. Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; Walters v. General Accident and Fire Assur. Corp., Ltd., La.App., 119 So.2d 550. The Mottet and Walters cases, supra, (as well as those *920 others cited in the original decree herein) also establish the rule that an employer is not entitled to credit for wages fully earned by an employee in work of a nature and kind different from that in which the employee was engaged prior to the disabling accident. See also Gaudet v. Hartford Accident & Indemnity Company, La.App., 143 So.2d 252, and cases therein cited.
The most perplexing cases are those wherein the employee continues to perform some but is unable to fully discharge all of the duties of his former employment. The Walters case and the authorities therein cited establish the principle that if, following an accident, an employee is paid full wages for discharging only a portion of his former duties, such wages are considered as unearned or a gratuity entitling the employer to credit therefor. There is, however, authority for the proposition that if the employee is paid less wages for performing only a portion of his former duties, such wages are considered fully earned and the employer is not entitled to credit under such circumstances. Woodson v. Southern Farm Bureau Casualty Ins. Co., La.App., 121 So.2d 571.
In discussing the general issue under consideration and more particularly the decision rendered by this court in Walters v. General Accident & Fire Assur. Corp., Ltd., La.App., 119 So.2d 550, Professor Wex S. Malone in Louisiana Workmen’s Compensation Law and Practice (1962 pocket part, p. 196) states the problem in the following words:
“It may be difficult to determine whether the retained employee is performing only a part of his former duties (in which case the employer is entitled to credit for the wage so paid) or is performing the duties of a different job for which the wage paid cannot be considered in the nature of compensation. The difficulty is apparent in situations where the duties performed prior to the accident were of two easily severable kinds — one being arduous, the other being light.
“ * * * In such situations, matters entitled to consideration should be the relative importance to the totality of the job of the functions which can no longer be performed and also the question as to whether the wage paid thereafter appears to be earned or largely unearned.
ifc $1 tfi % 'Jfi ‡
“One decision [Woodson v. Southern Farm Bureau Casualty Ins. Co., 121 So.2d 571] indicates a tendency to refuse credit for wages paid for performing only the lighter parts of the former duties where the wage paid is less. The court suggested that such a situation is to be distinguished from the payment of the same wage for performance of the same work under pain and suffering (in which case of course,, credit for wage paid is allowed).”
We are in accord with the decision in the Woodson case, supra, for the reason that it appears logical to hold that where less wages are paid for the partial performance of one’s former duties, said wages can only be said to be fully earned and consequently neither employer nor insurer are entitled to credit therefor as. against compensation benefits due.
Astute counsel for plaintiff-employee seeks to bring the instant case under the rule established in Gaudet v. Hartford Accident & Indemnity Co., supra, by contending the record in the instant case establishes that subsequent to the accident appellee herein has been engaged in work of a nature and character different from-that performed prior to the occurrence of the disabling injury. In this regard able counsel for appellee vigorously contends the record shows that subsequent to plaintiff’s injury, plaintiff’s employer materially changed the nature of his operations by greatly reducing his farming and other enterprises (excepting that of cattle raising) *921 to such extent that plaintiff's employer is in fact presently engaging in work of an entirely different nature. Counsel further maintains that the character of said employer’s present operations is such that the duties of a foreman or a supervisor no longer require the performance of hard manual labor or extreme physical exertion but consist principally and primarily of his supervising and directing the work of subordinates. From this premise counsel for ■appellee reasons that because of the change thusly effected in the employer’s business, plaintiff is in truth engaged in supervisory work of a different class and nature, namely, one that does not require manual labor as a materially important incident thereto or aspect thereof, consequently, plaintiff is fully performing work of different nature and character thereby bringing the case ■under the rule of the Gaudet case, supra.
We concede the ingenuity of the argument thus advanced by esteemed counsel for appellee but find that it is not supported by the evidence of record. Although it does appear that the plaintiff’s employer has somewhat altered the scope and extent of his farming and other operations since plaintiff’s injury, it is not shown that the ■duties required of plaintiff since the accident can be said to constitute work of a different nature and character. The record establishes that plaintiff’s employer has reduced his farming activities in favor of an increase in his cattle raising enterprise which change was dictated partially due to business and economic reasons as well as in part by plaintiff’s physical condition. In this connection it is established that plaintiff is no longer able to ride a horse and assist in the handling of cattle as he did prior to the accident and it must be recalled that cattle raising (according to plaintiff’s own contention) has now become his employer’s principal occupation. It also must be recalled that since plaintiff’s injury plaintiff has neither been required nor has attempted to perform any services for his employer when plaintiff was feeling ill or indisposed and furthermore, that plaintiff’s employer expects no services from him under such circumstances. In addition, it is not disputed that whereas plaintiff continues to perform services of a supervisory nature for his employer since the accident, his employer has been compelled on numerous occasions to engage extra help to perform services which plaintiff would have otherwise performed as a part of his present duties. Plaintiff’s employer testified as follows:
“ * * * he just can’t get out there any more and do all that stuff for me. I mean, and I’m not going to hire another man — he’s been there for years, and I guess he will be there until he dies.”
Upon further reflection and review of the record we are impelled to the conclusion that the issue before the court is simply whether or not the case at bar falls within the rule of the Woodson case, supra, that is whether plaintiff is performing the lighter aspects of his former employment, or employment substantially similar thereto, and therefore appellant is not entitled to credit for said remuneration paid because said wages are fully earned or whether plaintiff receives the same wages for performing lighter duties, therefore, said wages are considered a gratuity and appellant is entitled to credit therefor under the rule of the Mottet and Walters cases, supra. We find that the issue cannot be resolved on the evidence before us. As previously stated herein during the trial below defendant attempted to adduce evidence regarding plaintiff’s wages prior to the accident but objection thereto by counsel for appellee was sustained by the trial court and such evidence excluded. As a consequence the record is silent as to plaintiff’s earnings prior to his injury. It follows, therefore, that under such circumstances we are unable to determine whether the wages paid plaintiff following the accident constitute reduced wages for the performance of lighter duties (in which event his wages would be considered fully *922 earned and appellant would not be entitled to credit therefor) or whether said wages are in fact full wages for the performance of lighter duties (in which latter event they would be deemed gratuitous and credit allowed appellant therefor).
Considering the views herein expressed, the award of statutory penalties and attorney’s fees hereinbefore allotted plaintiff must be reversed and set aside as plaintiff’s entitlement thereto is dependent upon the outcome of the issue of credit claimed by defendant insurer which latter question can only be adjudicated in the light of the evidence adduced on the remand of this matter.
As herein previously shown the evidence reveals that since plaintiff’s injury his work has not, as contended, been of an entirely different nature and character but rather the performance of “light duty”, or partial performance of his former duties. The sole question on remand, therefore, is whether, since his injury, plaintiff has been paid full wages for light duty (gratuities) or whether his wages have been fully earned. The determination necessary can only be made after full consideration and evaluation of all remuneration paid appellee by his employer both prior and subsequent to plaintiff’s injury including, of course, by way of extension, the value of all rent free properties and facilities made available to appellee by his employer as well as all cash, wages or remuneration received.
Should it be ultimately established that appellee’s wages after the accident were fully earned in the performance of his lighter duties, appellant may not receive credit therefor and appellee would be entitled to the statutory penalties and attorney’s fees claimed because of appellant’s arbitrary failure to pay compensation due. If it be established that appel-lee was paid the same wages following his injury as he received previously thereto, in such event, appellant is entitled to credit for all such wages paid because full wages for partial performance of one’s prior occupation is deemed a gratuity tendered in lieu of compensation due. Should appellant be eventually deemed entitled to credit for wages paid by plaintiff’s employer subsequent to plaintiff’s injury, such finding will relieve appellant of any liability for penalties and attorney’s fees (except under circumstances hereinafter shown). To hold otherwise subjects the insurer to penalties for failure to pay benefits not due a result which (excepting the instances herein subsequently related) would be patently harsh and inequitable.
We are, however, equally firm in the conviction that there are instances wherein an insurer may be held responsible for penalties and attorney’s fees notwithstanding its entitlement to credit for gratuitous payments made by the employer.
 There can be no serious questioning of the proposition that it is the clear and unmistakable obligation of the insurer to pay all benefits due the employee promptly when same become exigible and to continue such payments so long as the disabled employee is entitled thereto. It is well established jurisprudence that the provisions of LSA-R.S. 22:658 are applicable to insurers only. Thomas v. Crown-Zellerbach Corporation, 101 So.2d 478. The statute in question is without application to employers. Ernest v. Martin Timber Company, La.App., 124 So.2d 205. While an uninsured employer may incur penalties under R.S. 23:1201.2, the employer herein being insured is not amenable to penalties or attorney’s fees because of his failure, neglect or refusal to pay compensation due. The insured employer, however, has every right and reason to expect and demand that his insurer will commence payments to his disabled employees promptly when due and continue payment thereof until the legal obligation to do so has terminated.
The insurer’s liability for penalties and attorney’s fees attaches upon the in *923 surer’s arbitrary, unreasonable or capricious failure, neglect or refusal to commence compensation payments due or prematurely discontinue payment thereof, subject, of course, to the provisions, terms and conditions of LSA-R.S. 22:658. Once incurred, the insurer’s liability for penalties therein provided, cannot be affected by subsequent payment of gratuities by the employer. Upon the attachment of such liability on the part of the insurer he cannot be relieved thereof by any act or conduct of the employer. It follows, therefore, that the insurer who has incurred liability for penalties and attorney’s fees may not escape the alternative prescribed for his violation of the statute on the ground that the act which he has failed, neglected or refused to perform is being fulfilled by another. In these latter circumstances the insured employer is compelled to discharge an obligation which his insurer has assumed in consideration of premiums paid by the former to the latter. While credit must be given the insurer for benefits thusly paid by the employer considering equity will neither countenance nor support dual payment of benefits to the employee, nevertheless, such payments will not relieve the insurer of liability for penalties incurred by virtue of its failure to comply with the controlling statute. In such circumstances the fact remains that the insurer is not making the payments as required by the statute and such remission on its part subjects it to the penalties stipulated irrespective of whether the payments, which should be made by the insurer, are being made by a third party.
In view of the foregoing, therefore, we are of the opinion that should it be established that plaintiff’s employer paid plaintiff full wages for the performance of less work (gratuities) in lieu of weekly payments due plaintiff and which payments defendant insurer arbitrarily failed and neglected to pay, under circumstances which subjects defendant to penalties, in such event defendant insurer, though entitled to credit for payments so made by plaintiff’s employer, is nevertheless liable for penalties and attorney’s fees.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that our original decree amending the judgment of the trial court and awarding plaintiff statutory penalties be and the same is hereby annulled, reversed and set aside and judgment rendered herein affirming the judgment of the trial court insofar as it decrees plaintiff’s right to compensation but reversing said judgment insofar as it decrees plaintiff entitled to attorney’s fees and penalties pursuant to LSA-R.S. 22:658.
It is further ordered, adjudged and decreed that this cause be and the same is hereby remanded to the trial court for further proceedings consistent with the views herein expressed.
Amended and remanded.