284 So.2d 110 (1973)
Adam DEVILLE, Plaintiff and Appellee,
v.
TOWNSEND BROS. CONSTRUCTION COMPANY et al., Defendants and Appellants.
No. 4292.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1973.
Rehearing Denied November 2, 1973.
Writ Refused December 14, 1973.
*111 Gold, Hall, Hammill & Little by James D. Davis, Alexandria, for defendants and appellants.
Garrett & Ryland by Donald M. Garrett, Alexandria, for plaintiff and appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation case in which plaintiff, Adam Deville, sued his employer, Townsend Bros. Construction Company and its compensation insurer, Travelers Insurance Company, for benefits resulting from an accident which occurred on October 11, 1971. Deville was employed as a laborer, although he was sometimes referred to as a roustabout or welder's helper. He alleged that while assisting a welder on an oilfield well location, he slipped and fell on hot iron, striking an Ibeam, and sustained severe burns to his fingers on his right hand and to the right forearm, in addition to other injuries.
Suit was filed December 15, 1971. The first compensation was not paid until January 18, 1972, in the amount of $686.00, and constituted the accumulated weekly benefits from the date of the accident. Weekly benefits followed in the maximum amount of $49.00 through May 2, 1972, then discontinued for three weeks, which three weeks of nonpayment were caught up on May 22, 1972. Payments were completely discontinued on the latter date. The only medical expenses paid by defendants were two hospital bills totalling $36.25.
The trial court awarded weekly compensation benefits at the rate of $49.00 per week from the date of the accident, through and including January 10, 1973, crediting the defendants with the amounts previously paid; there was also an award totalling $5,330.05, representing physician, hospital, and drug bills. Additionally the court assessed 12% statutory penalties and $1,000.00 attorney fees, and finally, fixed expert fees for the medical experts who testified at trial or by deposition.
Defendants have appealed to this court. The plaintiff has neither appealed nor answered defendants' appeal.
At the time of the accident plaintiff, acting as a helper to Billy Wayne Smith who was welding a beam, was "prizing" a sheet of iron with a sledge hammer, when something slipped and plaintiff fell, striking the hot iron with his right arm and hand. He alleged burns to two fingers of his right hand and the inside of his right forearm. He also complained of injuring his knee and kidney. The trial judge concluded that plaintiff was injured in the course and scope of his employment and there is ample evidence in the record to substantiate the trial court's conclusions in that respect.
The only significant work-connected injury sustained by plaintiff was the burn on his inside right forearm. The record shows that the burn was a relatively minor one initially but became infected, causing complications to develop. He was seen by numerous doctors at different times, was hospitalized several times, and the infected arm was treated conservatively. On occasion the arm showed improvement and then relapses would occur with the arm becoming reinfected. Ultimately it became necessary to perform a skin graft on the forearm area and that was done on April 14, 1972.
Plaintiff's first treating physician, although recognizing the seriousness of plaintiff's burn, (which incidentally was testified to by all doctors to be at least a second degree burn and by some, a third degree burn,) was of the opinion, because *112 of a constant reoccurrence of the infection, that the plaintiff did not properly take care of his wound and even suspected that the plaintiff had intentionally reinjured the wound. The trial court concluded that there was no real proof in support of that opinion and we can find no manifest error in that conclusion.
Dr. Charles E. Fontenot, a general practitioner and surgeon, treated plaintiff from December 15, 1971, through November 10, 1972, and in connection with the doctor's testimony the trial judge stated in his reasons for judgment as follows:
"The plaintiff's attending physician, Dr. Charles E. Fontenot, who treated the plaintiff most, and who performed the skin graft on him, felt that plaintiff, because of his injury, infections and complications, was disabled throughout this period of time when he was being treated and hospitalized. The skin graft was performed in April of 1972; he was seen at regular intervals through November 10, 1972, when, he said, the graft area was well healed; the arm was free of infection. There was still some tenderness of the area and the claimant was advised to take precautions against traumatizing the tender area. He still considered him disabled on his last date and stated that in his opinion plaintiff `could return to heavy work in another two or three months'. It might be added here, that the Court also examined plaintiff's arm and skin graft scar on November 17, 1972; a close scrutiny showed a well healed scar and the Court has no reason to believe on the basis of the best medical evidence presented, that his disability should extend beyond that projected by Dr. Fontenot.
Therefore, the Court holds that plaintiff was disabled by the accident and that his disability has been continuous since and will be through date January 10, 1973, . . ."
In addition to defendant's attempts to show that plaintiff did not properly take care of his wound and that he even may have intentionally reinjured the wound, defendants sought to show that the plaintiff had been in an automobile accident at some time between the date of the accident in question and the date of the skin graft, April 14, 1972, and that as a result of said automobile accident plaintiff reinjured his right forearm and consequently aggravated the healing process thereof. Plaintiff admitted to a non-collision automobile accident after the date of the skin graft operation, in which he skidded off a road, but he testified that he was not hurt in the accident and specifically that his right arm was not hurt. He was very emphatic that the accident occurred after the skin graft operation. Assuming, arguendo, that the plaintiff did aggravate his condition in an automobile accident, such an occurrence in itself is no reason to deny him compensation benefits to which he is otherwise entitled. In any event, the trial court obviously concluded that plaintiff's right forearm burn condition was not aggravated by the intervention of any automobile accident. We again find no manifest error on the part of the trial court on that point. In Andrus v. Great American Insurance Company, 161 So.2d 109, La.App. 3rd Cir., 1964, writ refused, 246 La. 86, 163 So.2d 360, the court, referring to post accident complications and aggravations, and the burden of proof required of the employer under certain circumstances, stated:
"The employer's liability for compensation during this disability is not lessened by the circumstance that the residual disability from the initial injury resulted from post-accident complications. An employer or his insurer is nevertheless liable for workmen's compensation when the initial injury is aggravated or results in more prolonged than usual disability because of complications that set in following the injury, whether due to improper medical treatment or otherwise. Malone, Louisiana Workmen's Compensation (1951), Section 233, Cf. Fruge v. Hub City Iron Works, Inc., La.App., 3 *113 Cir., 131 So.2d 593. In such instances, the prolonged or more serious medical condition is regarded as a proximate consequence of the original accident.
"Further, `The burden is upon the employer to prove the defense that the employee's willful failure to co-operate with medical treatment, or his willful misconduct, is the cause of the continued disability, and the proof to sustain this defense must be clear, convincing, and conclusive. Edwards v. Shreveport Creosoting Co., 207 La. 699, 21 So.2d 878, Guillory v. Reimers-Schneider Co., La.App. 1 Cir., 94 So.2d 134, Williams v. Texsun Supply Corp., La.App. 1 Cir., 47 So.2d 93. * * *' Thomas v. Crown-Zellerbach Corporation, La.App. 1 Cir., 101 So.2d 478, 480. (Italics ours.) See also Woodson v. Southern Farm Bureau Cas. Ins. Co., La.App. 2 Cir., 121 So.2d 571.. . ."
We have carefully reviewed all of the medical testimony together with all of the facts and circumstances surrounding this case and conclude that there is no manifest error in the judgment of the District Court holding that the plaintiff was totally disabled from the time of the accident through January 10, 1973.
The trial court allowed the sum of $5,320.05 in medicals. Plaintiff had multiple confinements in two hospitals because of his injuries. The breakdown on the medical allowances are as follows: Dr. Charles E. Fontenot, $1,072.00; Dr. John Tassin, $140.00; prescription drugs, $46.50; Marksville General Hospital, $672.95; and Ville Platte Medical Center, $3,398.60. There is ample evidence in the record to justify these awards.
On the question of attorney fees we find nothing in the record to excuse the defendants' action in commencing compensation payments as late as they did. At the time suit was filed no compensation or medical payments had been made, notwithstanding repeated amicable demand, and in fact benefits were not begun until some fourteen weeks after the accident. Appellants paid only two small medical bills totalling $36.25, and although numerous other medical bills and hospital bills were submitted to them, they were ignored. Additionally the record fails to show justification for discontinuing weekly benefits on May 22, 1972. Defendants' claim adjuster stated that he did not know why compensation benefits were cut off in May, 1972, and why medical expenses and hospital expenses were not paid. The trial judge in that connection stated: "The court does not understand the reason for stopping payments on May 22, 1972."
There is little question but that the plaintiff in this case had episodes of improvement in the burned condition of his right forearm but he also had constant episodes of re-infection causing his disability to persist. Although defendant suspected that plaintiff may not have been properly taking care of his wound and that he may have intentionally reinjured the wound, that theory was discounted by the trial judge. Mere suspicion, in any case does not justify the withholding of workmen's compensation benefits by the insurer, Delafosse v. Industrial Painters, Inc., La.App., 199 So.2d 559; Williams v. Travelers Insurance Company, La.App., 157 So.2d 356; Bushnell v. Southern Farm Bureau Casualty Insurance Company, La.App., 271 So.2d 267, and defendant had no basis other than its suspicion for withholding benefits. There was therefore no legal justification for its so doing. Accordingly we agree with the trial court in its assessment of penalties and attorneys fees.
For the above and foregoing reasons the judgment of the District Court is affirmed at appellants' costs.
Affirmed.