NEWS PUBLISHING CO. v. S. B. BARRETT RUBBER CO., INC.

(April 21, 1930. Opinion and Decree.)

Herman L. Midlo, of New Orleans, attorney for plaintiff, appellee.

Julius Howard Wiener and Sidney G. Roos, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. This is a suit for a balance claimed to be due on a contract for advertising. The contract was dated November 4, 1927, and that part which we are called on to interpret reads as follows:

"I hereby authorize the News Publishing Company to publish for us in the Daily Journal of Commerce, beginning with the issue of November 7, 1927 and to continue for a period of twelve months and until thirty (30) days' written notice to discontinue is given by either party. * * *"

On January 28, 1928, or about a little more than two months and a half after the contract had been in existence, defendants addressed to plaintiffs a letter reading as follows:

"We make reference to our advertising contract with yourselves and we wish to advise that the present business conditions do not warrant our carrying this contract expense any longer and we wish to request cancellation of this contract.

"Please discontinue our ad in your paper immediately and invoice us at once for the amount we are due for advertising to date.

"We regret very much that this action has been made necessary, and remain."

Plaintiffs refused to cancel the contract, continued to publish the advertisements, and have now brought suit for the balance of $267, which they claim to be due.

The defense is that under the contract defendants were given the right to cancel it at any time on thirty days' written notice. It is argued that the contract is ambiguous, in that there is a possible conflict between the provision that it is to continue for twelve months and the words immediately following, "and until thirty days' written notice to discontinue is given by either party." Defendants maintain that, if there is an ambiguity, inasmuch as the contract was prepared by plaintiffs, the uncertainty should be resolved in favor of defendants. There is no doubt of the soundness of this principle of law, and, if we felt that there was any conflict between the provisions to which we have referred, we would be forced to relieve defendants of any obligation to pay for the advertising. But the law is very plain that a contract should be interpreted as a whole, and that that interpretation should be accepted which will give effect to each part thereof. With this in view we cannot avoid reaching the conclusion that the contract meant that in all events it should exist for twelve months, but that thereafter it should continue to exist until thirty days' written notice had been given.

Defendant also claims that, even if there is liability, it should not be held for the full amount of the claim, for the reason that plaintiff should have minimized the loss by discontinuing the advertisement, and should then have sued, not for the whole contract price, but merely for the amount of the loss sustained. We do not think that the principle contended for is applicable to suits of this kind, and, furthermore, we are quite convinced that, even if it is applicable, the burden of proof is on defendants to affirmatively show that the loss might have been minimized and to what extent this result could have been accomplished. The record is silent on this point.

For the reasons given, we are of opinion that the trial court was correct, and the judgment appealed from is affirmed.