Plaintiff filed this suit to recover $109.08 allegedly due by defendant as a result of plaintiff's installing a marble fireplace with hearth, etc. in defendant's home.
Defendant in answer admitted that there had been an agreement under which plaintiff was to install a marble mantel for the price of $80.00 and alleged further that plaintiff agreed to make the installation in such a manner that the fireplace could be used as an open hearth, but that upon inspection by proper authorities, it was disclosed that the fireplace as completed constituted a fire hazard and that in order to correct the defects and improper installation, it would be necessary for the mantel to be removed and the bricks and fireproof material replaced, and that by virtue of the improper installation, nothing was due.
The District Court gave judgment for the plaintiff for $104.03. The defendant has appealed.
The record discloses that Mrs. Harding came to plaintiff's place of business and asked if the company could supply a white marble mantelpiece. The white not being available, plaintiff's representative said he could, for $85.00, furnish a pink marble mantelpiece like plaintiff company had placed in her neighbor's house. She agreed. Plaintiff prepared the marble and took it out to her house, but found that the fireplace was the old type 24 inch brick fireplace, while the mantel prepared was for a 34 inch fireplace. It was decided to remodel the fireplace to fit the standard mantel, which was done at a cost of $23.00. When the work was completed, Mr. Taylor, plaintiff's representative, testified that Mrs. Harding offered him a check for $80.00. He told her that the original agreement was $85.00 and that he had undergone the additional expense of $23.00 for remodeling the *Page 674 
fireplace. He testified that she agreed, after he told her of the $108.00 amount, to mail a check; that when he inquired of her after a week or two as to why the check had not been sent, she complained about the lack of shine on the marble and he took his men out and polished the places she complained of; that he waited two weeks more, called again and received the complaint that there was still one piece of marble that she didn't think was polished right; that he went out the second time and polished that piece and thought she would mail the check. Two weeks later he called again and was informed that she had had the fire chief inspect the place and he had said that the installation constituted a fire hazard; that he took his cement man and plastered "all of that so it would be no fire hazard."
Mrs. Harding testified that she made out and attempted to deliver the $80.00 check to Mr. Taylor when the work was completed. She did not contradict Mr. Taylor's statement that he made demand for additional twenty-odd dollars for the revamping of the fireplace, which was not included in the original agreement.
[1] The testimony as to whether the original price was $80.00 or $85.00 is conflicting. Under these circumstances, we accept the trial judge's conclusion that plaintiff has failed to establish more than the $80.00 awarded him in the District Court judgment for this item.
We next consider the claim of plaintiff for $23.00 additional for the remodeling of the fireplace and the question as to whether or not the agreement between the parties contemplated the construction of the fireproof fireplace, or an ornamental one which would not require the use of fireproof materials. We think the evidence shows that both parties understood that the fireplace as reconstructed was to be suitable for the use of gas logs. The fire chief of the City of Alexandria, Louisiana, testified that the completed product was not safe for the use of gas logs and while plaintiff's agent was of a different opinion, we believe that ordinary prudence would dicate the replacing of the inflammable material with fireproof construction.
[2] Article 2769 of the Civil Code provides that the contractor shall be liable in damages for the losses that ensue from his noncompliance. The Courts have held that the measure of damage suffered by an owner for defective or unsuitable materials furnished is the cost of doing the work with proper materials. American Paint Works v. Metairie Ridge Nursery Co., 1 La. App. 396.
[3] Defendant called a professional bricklayer with twelve years experience, who testified that he had inspected the fireplace and estimated that it would require $50.00 worth of brick work to replace the wood with brick. Plaintiff introduced no testimony in contradiction. Defendant pleaded the defective condition as a bar to plaintiff's suit. We find the plea good against plaintiff's claim for the $23.00 cost of doing this brick work. Defendant is entitled to this $23.23 credit.
The evidence sustains the learned District Judge's finding that plaintiff completed his undertaking to install the marble mantelpiece and is entitled to the $80.00 shown to be due for that item. With tax, this amounts to $80.80.
The judgment appealed from is reduced from $104.03 to $80.80, and, as reduced, it is affirmed. Costs of appeal to be paid by plaintiff. All other costs by defendant. *Page 675