REGAN, Judge.
Plaintiffs, Willie and Ella Lee, as owners, instituted- this suit against the defendant, Irvin Stafford, a contractor, endeavoring to recover the sum of $975 as damages for the breach of a building contract in the amount of $1,250, entered into on or about January 10, 1954, predicated on the assertion that the owners derived no benefit from the defective work.
Defendant answered and admitted entering into the foregoing agreement, the receipt of $650 paid on account thereof, but denied that the work was either defective or unfit to serve the purpose for which it was intended.
From a judgment in favor of plaintiffs as prayed for, defendant has prosecuted this appeal.
The record reveals that the plaintiffs and defendant entered into an agreement providing for the construction of a raised cottage “60 ft. long 28 ft. wide * * *. The lower portion of which will consist of *927 concrete blocks * * * ” for the price of $1,250. Defendant agreed to furnish the skill and labor and plaintiffs all necessary-materials. In the course of the erection of a concrete block wall forming the lower portion of the residence, the plaintiff complained to the defendant on several occasions that the cement blocks were not level and were being laid out of line. The defendant ignored these complaints and proceeded to complete the concrete block wall. When the erection thereof was finished Lee again insisted that the walls were several inches out of line and that the top of the wall was not sufficiently level to permit erection of the second story of the residence thereon. The defendant refused to make an effort to correct the condition complained of and then finally abandoned the work.
To substantiate their claim plaintiffs offered, on the trial hereof, James Lee, a brick mason, as an expert, who was accepted as such by the defendant, and he testified in detail that the concrete block wall was not only defectively constructed, but that it was so out of line and level that it was wholly unfit for the purpose for which it was intended and, therefore, the owner was compelled to demolish it and rebuild the wall. He related that it was demolished through the simple process of pushing upon it, causing it to collapse and, in the course thereof, many of the concrete blocks were damaged. The evidence further reveals that this was the most expedient and least expensive way of destroying the wall; that if the concrete blocks had been removed from the wall individually in order to spare damage thereto, the cost in labor would have exceeded the cost of replacing the blocks.
The only question which the pleadings and the evidence has posed for our consideration is one of fact and that is— whether the wall erected by the defendant was absolutely unfit to serve the purpose for which it was intended or merely defective and, therefore, subject to repair.
The trial judge found as a fact that the wall was totally unfit for the purpose for which it was intended and, therefore, the plaintiff was entitled to the return of $650 paid on account of the agreement to construct this residence together with the sum of $325, which represented the cost of materials which were wasted during the course of the erection of the wall or damaged during the demolition thereof and the labor cost incurred in rebuilding the wall.
Our examination of the record not only fails to disclose any error in the trial judge’s conclusion, but it militates against defendant’s final assertion that since the foundation was useful, plaintiffs should be required to pay defendant for its cost. The evidence reveals that plaintiffs laid the foundation with their own labor and materials.
The damage for the breach of a building contract is usually the cost of repairing the defective work, but this rule is applicable only where the owner derives some benefit from the defective construction. Home Services v. Marvin, La.App., 37 So.2d 413. In this case the wall erected by the contractor was completely worthless and it was necessary for the owner to rebuild it.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.