TATE, Judge.
This is a suit brought by a contractor against his subcontractor to recover for damages resulting from a breach of a subcontract between them whereby the defendant was to furnish certain concrete work in connection with a construction contract of the plaintiff. The trial court awarded damages in the amount of $2,738.99 for the cost of replacing an admittedly defective concrete beam, but the plaintiff appeals and prays for an increase in the amount awarded. The defendant-appellee has answered the appeal, requesting that the trial court’s award be disallowed and that the suit be dismissed.
By written contract, the appellant Bertrand had agreed to construct a service station in Bunkie for Earl Andrus, who is not a party to this action. Subsequently, Bertrand entered into an oral agreement with the appellee Ducote, the subcontractor, whereby the latter was to supply, pour, and finish concrete for the construction job at the price of $16 per cubic yard.
It is not disputed that the cost of replacing the defective concrete beam was the amount awarded by the trial judge, but the defendant-appellee contends that under his subcontract he was not responsible for the furnishing of the concrete for such beam. The plaintiff-appellant, in requesting an additional sum as damages for allegedly defective concrete furnished for the foundations, apron driveways, and floors, contends that the defendant Ducote was required under his agreement to furnish a “five-bag mix” of concrete (meaning that five standard sacks of cement must be used with each cubic yard of concrete formed from the mixture of sand, gravel, and cement), whereas Ducote contends that he was only obligated to furnish a “four-bag mix”, which produces concrete of less strength.
It is not disputed that the specifications of this contract between Andrus, the station owner, and the plaintiff Bertrand called for the concrete to be used in the construction of the apron driveways, floors and foundations, and roof-support beams to have a compressive strength of 3,000 pounds per square inch; that to produce concrete of such specifications a five-bag mix is needed; and that concrete of these specifications, strong enough to stand the heavy usage of truck and other traffic, is commonly required in the construction of filling stations.
Without detailing the evidence, we will state that it overwhelmingly indicates that the agreement between Bertrand and the defendant Ducote was to furnish all the concrete needed for the job, including that for the defective beam, with the requirement that it be a five-bag mix; and that, in fact, as furnished by the defendant, it was not of such a strength, but instead, when tested by the Pittsburg Testing Laboratory, only had a compressive strength of about two-thirds of the specified strength, indicating that it was mostly of between a three- and four-bag mix.
Under these facts, the defendant Ducote breached his contract and is responsible for the losses occasioned thereby. LSA-Civil Code, Article 2769. The trial court was unquestionably correct in awarding the plaintiff the proven cost of replacing the defective beam.
We further conclude, however, that the plaintiff Bertrand in addition should have been awarded the sum of six thousand dollars, which was proven to ha.ve been paid by him to Andrus in compromise settlement for the defective concrete in the “drives, floors, and foundations” (P-9, Tr. 38). For the measure of damages for the defective performance of a building contract is generally the cost of repairing the defective work so that it conforms to the contract requirements. Du Bos v. Sanders, 174 La. 27, 139 So. 651; French Market *811 Homestead Ass’n v. Usner, 170 La. 783, 129 So. 202; Standard Tile & Marble Co. v. Gray, La.App. 2 Cir., 85 So.2d 356, 357; Charles v. Stafford, La.App.Orleans, 83 So.2d 926; Montague v. Milan, La.App. Orleans, 67 So.2d 351; Alexandria Marble & Granite Works v. Harding, La.App. 2 Cir., 35 So.2d 673.
In view of the virtually uncontradicted evidence that the concrete furnished did not substantially comply with the specifications of the contract and sub-contract, and that the plaintiff Bertrand was in fact forced to sustain a loss of six thousand dollars in compromise of the greater claim against him (as well as the additional amount awarded for actual replacement of the defective beam), we do not find to be especially significant the circumstance that the owner, upon payment of the compromise, finally accepted the station at the risk that the driveways would not hold up over an extended period of time; nor the further circumstance that at the time of trial, almost two years after the construction, the driveways were still in use.
The plaintiff alleges that the cost of tearing up and replacing the defective floors and driveways alone would approximate $6,800, and the evidence preponderantly indicates that the plaintiff was subject to a serious claim by Andrus for replacement of the defective concrete in the foundations and elsewhere of the service station, almost totally completed when the below-specification concrete was first discovered, at a cost of nearly $20,000.
That the plaintiff compromised with Andrus this serious larger claim against him for the sum of six thousand dollars, rather than requiring Andrus to recover from him this or a greater amount by judgment, does not prevent the plaintiff from recovering the actual damages (up to the amount of the compromise) which he had been caused by the defendant’s deficient performance of the sub-contract to furnish concrete of the contract specifications. Brannan, Patterson, & Holliday v. Hoel, 15 La.Ann. 308; cf. T. W. Hooley & Sons v. Zurich General Accident & Liability Ins. Co., 235 La. 289, 103 So.2d 449. And the burden is upon him who causes the damage by a breach of the contract, the appellee Bertrand in this case, to show that the amount paid as a compromise is excessive. Cf., Schwartz & Ferry v. Lamulle, Orleans, 2 La.App. 64; Annotation, “Presumption and burden of proof regarding mitigation of damages”, 134 A.L.R. 242.
As was stated long ago in Smith v. Foran, 1875, 43 Conn. 244, 21 Am.Rep. 647, holding a defendant servant liable to the plaintiffs-employers for the amount they had paid in settlement of damage caused to a customer’s property by the servant’s negligence, for which the employers were vicariously liable also, quoted at Annotation, “Servant’s liability to master”, etc., 110 A.L.R. 831 at pages 836-837:
“If the plaintiffs [employers] were liable to the owner [customer] * * *, it is absurd to require the owner to bring a suit, and the plaintiffs to defend against it, and finally pay, after a judgment and with costs, what they were perfectly willing to pay at the outset, and what the judgment would show they were legally bound to pay. And in the next place, the judgment would not establish the liability of the defendant [servant] * * * He could still, in the suit against him, deny the fact of his negligence, and could prove the amount of damage. All this he could do if the plaintiff had settled with the owner without suit. If in such settlement they had paid the owner more than the actual damage, such payment would not have bound the defendant. He would be liable to them only for the actual damage * * *. That, of course, cannot be greater than the sum they have had to pay, though it may be less, if they have unnecessarily and of their own fully paid more than they were obliged to pay * * * ”
*812 As to the appellant’s contention that he is also entitled to an award for the damages to his reputation caused by the appel-lee’s breach, we do not find his own testimony alone to be sufficient proof of such damages, and so we do not reach the interesting question as to whether this type of damages is recoverable at all for such breaches of contracts, as to which question no authority has been cited by either party.
For the foregoing reasons, the judgment of the lower court is amended to award the plaintiff an additional amount of six thousand dollars, together with legal interest; and, as amended, it is affirmed in all other respects, at the cost of the defendant-ap-pellee.
Amended and affirmed.