TATE, Judge.
The claimant-employee, a minor, was injured at work. His father as administrator of his estate brings suit for workmen’s compensation benefits against the claimant’s employer and its insurer. The only question at issue concerns whether there is residual disability, entitling the claimant to further compensation benefits beyond those paid.
The trial court held that the claimant was entitled to compensation for permanent and total disability. The defendants therefore appeal.
The claimant was employed as a pipeline construction worker in duties requiring heavy lifting and straining. While so employed, he suffered a spigelian hernia (a rare type of rupture of the inside abdominal wall through the belly of the rectus muscle). The initial surgery performed soon after the accident to repair the rupture was unsuccessful, so, some three months after the accident, further major surgery was again performed. The rupture was successfully repaired on this second occasion.
However, as the trial court held, the opinion of both the attending and the operating physicians is to the effect that the claimant should not return to duties, requiring heavy lifting or straining, such as those in which he was employed at the time of the accident, since the muscles and tissue at the site of the repair had been permanently weakened as a residual of the *459 hernia and of the two major surgical procedures to repair it. The attending physician felt that the claimant’s continued complaints of painfulness upon exertion were justified by this residual.
Essentially, able counsel for the defendants-appellants contends that the medical evidence does not support this finding by the trial court. Little purpose will be served by a detailed re-analysis of the evidence, since the trial court in its written opinion has in our opinion thoroughly and correctly analyzed the medical and other evidence in the record.
The trial court held that the claimant was entitled to benefits for total and permanent disability within the meaning of the compensation act, because of the substantial risk of a recurrence of the hernia repair if the plaintiff subjects himself to any kind of straining, as well as because of the claimant’s inability to perform exertion without pain.
We affirm this ruling. See, e. g., Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175, so holding, where a laborer was unable to perform heavy lifting without pain because of the residual effects of hernia repair. Also, see Finn v. Delta Drilling Co., La.App. 1 Cir., 121 So.2d 340, 342-343, certiorari denied: “Thus the claimant’s present disability is compensable because ‘as a result of injuries received from the accident, the hazard to the patient’s life and health would be substantially greater if he returned to work after the accident, as compared with * * * the performance of his heavier duties before the accident * * *See Guidry v. Michigan Mut. Liability Co., La.App. 3 Cir., 130 So.2d 513, 515.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Affirmed.