161 So.2d 109 (1964)
Merdic ANDRUS, Plaintiff-Appellee-Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY, Defendant-Appellant-Appellee.
No. 1063.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
Rehearings Denied March 11, 1964.
Writ Refused May 4, 1964.
*110 Tate & Tate, Mamou, Paul C. Tate, Mamou, of counsel, for plaintiff-appellant.
Lewis & Lewis, by Seth Lewis, Opelousas, for defendant-appellee.
Before TATE, SAVOY and HOOD, JJ.
TATE, Judge.
This is a suit for workmen's compensation benefits. Made defendant is the employer's compensation insurer. The trial court awarded judgment for total and permanent disability.
Both the defendant and the claimant appealthe former from the judgment in favor of the plaintiff, and the latter from the failure of the trial court to additionally award penalties for arbitrary non-payment of workmen's compensation.
The claimant, a common laborer, was injured when the wheel of a heavy cement truck partly ran over his right foot as he knelt at work. Although the plaintiff sustained no fracture from the crushing-type accident, he did sustain ligamentous tears and soft tissue injuries within the foot, which caused swelling and limitation of motion.
The plaintiff's foot was injured on July 26, 1961. He remained under treatment by his local physician until December of 1961, when he was released as still disabled. In September and October he was examined by two orthopedists, who recommended physiotherapy and an arch support in order to alleviate the condition.
The medical evidence indicates that, had this physiotherapy and an arch support been supplied in September or October of 1961, within two months or so of the original injury, then the plaintiff's disability could have been cured within six or eight months. However, the plaintiff did not obtain this physiotherapy at the time. (As will be seen, the defendant insurer did not tender this medical treatment to him until after the present suit was filed in April of 1962.)
As a consequence, at the time of trial a preponderance of the medical evidence, as corroborated by the lay testimony, is to the effect that the plaintiff is indefinitely disabled from performing heavy manual labor or standing on his feet for sustained periods of time, such as was required by his employment. Three orthopedists and a general practitioner found the plaintiff to be disabled on each of the several occasions each of them examined or treated the patient over the two years elapsing between the accident and the trial. Against this, is the testimony of two orthopedists, who examined the claimant once for purposes of litigation, and who opined that the claimant could return to common labor.
The claimant sustains considerable pain upon weight-bearing. The cause of this disability is a fibrosis (an internal scarring of the muscles, tissues, and ligaments) and a contracture of the soft tissue within the injured foot. The disability is now indefinite in duration. It will probably yield to treatment in the course of time, but it may never be completely cured.
As we understand the appellant's position, the chief contention made is that the appellant should not be responsible for the prolongation of the disability which was caused by the failure of the claimant to receive adequate medical treatment at the outset of the disability, immediately following the accident.
As the trial court stated, "The fact is that plaintiff did not receive proper medical treatment and that Great American did not tender the physical therapy recommended by the treating physicians. Great American has not contended that plaintiff has refused to cooperate, or has refused to accept treatment, * * *". Tr. 117-118.
Following termination of compensation payments in January of 1962, the plaintiff retained a lawyer to represent him in the compensation claim and filed the present suit in April.
The plaintiff testified, without contradiction in the record (although the defendant's *111 failure and refusal to furnish medical care was specifically pleaded by the amended petition, Tr. 18), that he had requested his attending physician and the defendant's adjuster, prior to termination of compensation, that he be afforded the $300 worth of physiotherapy treatments recommended in September 1961, but that nevertheless such treatments were refused him. On the recommendation of his attending physician, the claimant had then gone to Charity Hospital in New Orleans, but physiotherapy had also been refused him there because his was an "insurance case".
Actually, defendant's formal answer does not deny that such physiotherapy was refused the plaintiff, the defendant's position rather being that physiotherapy was unnecessary according to competent medical advice upon which the defendant relied. Tr. 24.
Fundamentally, as the trial court held, the prolongation and greater disability resulting from the lack of medical treatment of the relatively minor original injury, is due to the defendant's violation of its affirmative duty under the compensation act to provide reasonable medical services needed by an injured employee:
LSA-R.S. 23:1203 provides, "The employer shall in every case coming under this Chapter [compensation act] furnish reasonable medical, surgical and hospital services and medicines or any non-medical treatment recognized by the laws of this state as legal not to exceed twenty-five hundred dollars in value, unless the employee refuses to allow them to be furnished by the employer." (Italics ours.) (To encourage the employer to comply with this statutory duty, it is further provided that medical payments made or medical services furnished by the employer do not constitute an admission of liability for workmen's compensation benefits. LSA-R.S. 23:1204.)
The defendant-insurer, which failed to tender the injured employee medical treatment during the early stages of the disability when it was needed and when it might have ended the disability sooner, cannot later contend that it should not be liable for the more prolonged disability resulting from the claimant's failure to receive such treatment. Perhaps, upon the employer's default in providing medical services needed, the injured workingman may possibly have been able to secure the needed medical treatment by charity or other means (and we doubt this under the present facts); nevertheless, the basic cause of the failure to receive adequate medical care is the employer's failure to comply with its mandatory statutory duty to furnish reasonable medical treatment needed by the injured claimant.
Thus, cases which hold that the claimant can recover for medical treatment obtained by him without authorization from the employer (Boss v. Marquette Cas. Co., La. App. 3 Cir., 150 So.2d 67) or that the employer may require an employee to accept medical treatment which he does not desire (Sumrall v. J. C. Penney Co., 239 La. 762, 120 So.2d 67), are not really relevant. The present question concerns only a disabled employee's right to recover compensation for disability resulting from the employer's failure or refusal to afford him reasonable medical treatment; it does not involve alternative courses of action open to an employee and which might be sustained by the courts, in the event an employer tenders medical treatment undesired by or unsatisfactory to the employee.
The present employer did not tender physiotherapy and corrective shoes to the employee until some time after suit was filed in April, 1962. Following suit, the claimant's attorney wrote letters requesting such medical services on June 13, July 24, and August 8th; although the defendant contends that authorization was not needed, we note that as late as August 13th and September 24th the letters by defendant's counsel did not unequivocally authorize and guarantee payment of such medical treatment. Corrective shoes with an arch were furnished late in 1962, since the attending orthopedists desired first to attempt correction *112 of a malposture of the foot caused by walking on the outer side of the foot (due to pain on the inner or medial portion), following which (Tr. 37) physiotherapy was to be attempted.
Although opposing counsel disagree as to just when the physiotherapy was authorized after suit, we think this to be immaterial. The medical evidence indicates that by the time suit was filed, some nine months after the original accident, the efficacy of physiotherapy in ending or substantially reducing the disability was doubtful, despite the probability that the disability would have been cured had physiotherapy been supplied within a month or so after the initial injury and before the complications set in.
At the time of trial, then, the plaintiff was indefinitely disabled from a return to the heavy duties of his occupation as common laborer.
The employer's liability for compensation during this disability is not lessened by the circumstance that the residual disability from the initial injury resulted from post-accident complications. An employer or his insurer is nevertheless liable for workmen's compensation when the initial injury is aggravated or results in more prolonged than usual disability because of complications that set in following the injury, whether due to improper medical treatment or otherwise. Malone, Louisiana Workmen's Compensation (1951), Section 233; Cf. Fruge v. Hub City Iron Works, Inc., La.App., 3 Cir., 131 So.2d 593. In such instances, the prolonged or more serious medical condition is regarded as a proximate consequence of the original accident.
Further, "The burden is upon the employer to prove the defense that the employee's willful failure to co-operate with medical treatment, or his willful misconduct, is the cause of the continued disability, and the proof to sustain this defense must be clear, convincing, and conclusive. Edwards v. Shreveport Creosoting Co., 207 La. 699, 21 So.2d 878, Guillory v. Reimers-Schneider Co., La.App. 1 Cir., 94 So.2d 134, Williams v. Texsun Supply Corp., La. App. 1 Cir., 47 So.2d 93. * * *" Thomas v. Crown-Zellerbach Corporation, La.App. 1 Cir., 101 So.2d 478, 480. (Italics ours.) See also Woodson v. Southern Farm Bureau Cas. Ins. Co., La.App. 2 Cir., 121 So.2d 571. This defense is not at all applicable here, where the evidence does not show that the employee willfully failed to co-operate with medical treatment actually tendered and which would have ended his disability; but rather that adequate medical treatment was not tendered to the employee when needed by him.
Under the workmen's compensation law, a claimant is considered totally disabled when, because of the injuries received in the accident, he is no longer able to perform without pain the heavier duties of the occupation in which injured. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175; Cloud v. W. H. C. Pipeline Co., La.App. 3 Cir., 155 So.2d 458. Further, where a claimant is totally disabled at the time of the trial, and the evidence is conflicting or uncertain as to when he may recover, compensation should be awarded for the maximum number of weeks prescribed for permanent disability, since the defendant employer is protected by the provision permitting revision of the judgment after six months should the disability terminate or lessen. Soileau v. Tyl, La. App. 3 Cir., 148 So.2d 173; Ware v. Industrial Timber Products, Inc., La.App. 3 Cir., 147 So.2d 672; Harris v. Argonaut Insurance Co, La.App. 2 Cir., 142 So.2d 501.
The trial court therefore properly awarded the present plaintiff compensation benefits for total and permanent disability.
This disposes of contentions raised by the defendant insurer's appeal.
However, the claimant himself appeals also, contending that the trial court *113 erred in failing to award him penalties for the allegedly arbitrary non-payment of workmen's compensation benefits due. LS A-R.S. 22:658. We find no error in the trial court's determination that, in view of the conflicting medical testimony and other circumstances, the defendant-appellant was not so arbitrary or capricious in terminating compensation as to be subject to penalties for doing so.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendant-appellant.
Affirmed.

On Applications for Rehearing.
En Banc. Rehearings denied.