TATE, Judge.
The defendant employer appeals from judgment awarding the plaintiff employee 400 weeks’ workmen’s compensation benefits during disability. The employer concedes an accident at work caused initial disability, but contends that the trial court erred (a) in finding any residual disability or (b), alternatively, in not limiting the duration of disability in accordance with a medical estimate.
The employee Comeaux hurt his back at work while lifting heavy pipe on July 9, 1965. After 2[4 months treatment, including ten days hospitalization under traction, the initial attending physician discharged him as able to return to work on the basis of absence of objective symptons. (The doctor testified that Comeaux was still complaining of hack pain.)
The defendant employer by his appeal contends that the trial court erred in holding that the preponderance of the evidence supports a finding of present disability. We hold otherwise.
The trial court has analyzed well the medical evidence, and we will not reiterate its summary. It suffices to say that Co-meaux was examined by three specialists and that their conclusions as to his disability are in conflict.
A neurosurgeon (Dr. Edelman) and an orthopedist (Dr. Bordelon) examined the claimant on behalf of the defendant, and they found no objective symptoms of disability. On the other hand, the other neurosurgeon (Dr. Kirgis) examining the claimant found that he was disabled at the time of examination from return to his heavy construction work because of a herniation of an intervertebral disc. This latter specialist’s diagnosis was supported by objective symptoms, including spasm, diminished reflex, and suggestive findings by myelogram; it was based also on observations over five days hospitalization for testing.
We find no error in the trial court having accepted Dr. Kirgis’s conclusion of disability in preference to the contrary conclusions of the other specialists, who moreover did not have as extended an opportunity for observation and evaluation as Dr. Kirgis. Further, to some extent the trial court’s judgment is based upon an evaluation as credible of the claimant’s complaints of disabling pain, verified by the surrounding circumstances, his prior history, and the medical evaluations of his sincerity. Such a factual evaluation will be discarded on appellate review only in the event of manifest error; we find none here. Gates v. Ashy Construction Co., La.App. 3 Cir., 171 So.2d 742, certiorari denied, and the jurisprudence cited therein.
Alternatively, the appellant employer contends that its compensation liability should be limited to September 30, 1966. This contention is based on Dr. Kirgis’s estimate that the plaintiff Comeaux might be able to return to work by then.
The evidence accepted by the trial court shows the plaintiff Comeaux to be totally disabled as of the trial of March 21, 1966, from returning to the heavy duties of pipeline construction work. Based upon his examinations of January 21, 1966, Dr. Kir-gis thought that the claimant might be able to return to light work by July 1, 1966, that is, some 51/4 months later. (He added, significantly, “if he is not, then he should come back and let me re-evaluate him again”. Tr. 124.) In reply to a request from defendant’s counsel as to his best opinion how long after July 1st it would be before the claimant could return to heavy work, Dr. Kirgis replied: “Well, that is difficult to say, too, because he might never perform heavy work, but I would be hopeful that after three more months had elapsed, he would be able to perform heavy work.” Tr. 125.
The evidence thus indicates that, as of the date of the trial, the claimant was totally disabled. Although the orthopedist *754 was “hopeful” Comeaux might be able to perform heavy work in about six more months, the specialist also recognized that this was contingent upon Comeaux being able to return to light duties in about three months and, further, that the disability instead of lessening might be permanent. Under these circumstances, the trial court corrector awarded compensation during disability for the 400 weeks maximum allowable for total and permanent disability. LSA-R.S. 23:1221(2).
In the first place, “ * * * the test is not whether a plaintiff in a compensation case is able to do light work, but is whether or not he is able to do the same work he was doing when injured, or similar work, and [the courts] are not to speculate on the time it would require for his recovery or in fact whether he would recover at all,” Soileau v. Tyl, La.App. 3 Cir., 148 So.2d 173, 176, and decisions there cited.
Further, as stated in Andrus v. Great American Ins. Co., La.App. 3 Cir., 161 So.2d 109, 112: “* * * where a claimant is totally disabled at the time of the trial, and the evidence is conflicting or uncertain as to when he may recover, compensation should be awarded for the maximum number of weeks prescribed for permanent disability, since the defendant employer is protected by the provision permitting revision of the. judgment after six months should the disability terminate or lessen. [Citations omitted.]”
The appellant employer relies upon cases such as Istre v. Molbert Brothers Poultry Co., La.App. 3 Cir., 125 So.2d 436 and Fontenot v. Myers, La.App. 1 Cir., 93 So.2d 245 in urging that, despite these settled jurisprudential principles, nevertheless the claimant’s award should be limited to compensation according to the minimum duration as estimated by this attending neurosurgeon.
However, the exceptional limiting of the duration pf the compensation in those cases resulted because the uncontradicted showing of the medical testimony there indicated that the period of temporary disability may have expired before on appeal the appellate court reversed the trial court’s dismissal of the injured workmen’s suit. In Young v. Southern Casualty Ins. Company, La.App. 3 Cir., 188 So.2d 437, we so explained the holdings in the cited cases. We further observed in Young that “the aims of the [compensation] do not envisage a disabled workman continually returning to court to secure (delayed) continued payment of compensation for the same continued disability.” 188 So.2d 440.
We have concluded, however, that the trial court decree should be amended so as to reserve defendant the right to reopen these proceedings without waiting for the expiration of the normal six-month delay after finality established by LSA-R.S. 23:1331. See Young v. Southern Casualty Insurance Co., La.App. 3 Cir., 188 So.2d 437. We have decided to exercise our equitable power in this regard because the medical evidence indicates that there is a reasonable possibility that the disability will be ended before expiration of this statutory delay.
For the foregoing reasons, we amend the trial court judgment so as to permit the defendant to reopen proceedings under LSA-R.S. 23:1331 to prove disability has diminished, without waiting the six month delay after finality established by such statutory provision; as so amended, we affirm the trial court judgment in all respects. The defendant-appellant is to pay the costs of this appeal.
Affirmed.