PICKETT, Judge.
The plaintiff, Lucius Thomas, Sr., sues his former employer, Form-Crete, Inc., and its workmen’s compensation insurer for workman’s compensation benefits alleging that he is totally and permanently disabled. Judgment was rendered by the trial court awarding him compensation benefits from September 19, 1968 to September 19, 1969, and rejecting his demand for penalties and attorney’s fees. He has appealed, contending that he is entitled to an award of compensation benefits for 400 weeks and that the trial court erred in rejecting his demand for penalties and attorney’s fees.
The plaintiff is a 34 year old colored man. He alleged that he was injured in *811 the course and scope of his employment by defendant, Form-Crete, Inc., on or about September 19, 1968; and that he was receiving earnings that entitled him to compensation in the sum of $35.00 per week under the provisions of the Louisiana Workmen's Compensation laws. At the trial of this case, the defendant stipulated that the accident occurred while in the employ of defendant on the date and place alleged in plaintiff’s petition; and that plaintiff was earning $2.65 per hour, which is sufficient to entitle him to the maximum compensation. The trial court found that plaintiff had sustained a compensable injury while in the employ of defendant, Form-Crete, Inc. The defendant has not answered the appeal. Therefore, the only issues before this court are: (1) did the trial court err in awarding compensation for a specific period of time, and (2) in not awarding penalties and attorney’s fees.
The plaintiff reported to Dr. Rodney R. Utke, a general practitioner, soon after the accident, for examination and treatment. He gave Dr. Utke a history of having injured his back while assisting two fellow workmen load a barrel onto a truck. He said the barrel weighed in excess of 300 pounds; and that it usually required four men to load such a container. They missed the truck railing, the barrel came back on them, and they had to make a special straining effort to keep it from falling on them and to load it on the truck. It was then his back was injured. As a result of his examination, Dr. Utke concluded that plaintiff had sustained a lower back sprain, and possibly a herniated disc. Dr. Utke treated plaintiff with muscle relaxants and other appropriate medication. When the injuries failed to respond to his treatment, he sent plaintiff to see Dr. Guy Dunning, an orthopedic specialist, who recommended that plaintiff be given physical therapy. Dr. Utke then sent the plaintiff to Mr. Dumond, a physiotherapist, who gave him heat treatment and other physical therapy. Mr. Dumond reported plaintiff’s progress from time to time to Dr. Utke. The final report to Dr. Utke from the physiotherapist was February 21, 1969, at which time he recommended that further physical therapy be reduced to two times a week.
In the meantime, Dr. Utke had referred the plaintiff to Dr. Homer D. Kirgis, a neurosurgeon, connected with the Oschner Clinic in New Orleans. Dr. Kirgis examined the plaintiff on December 12, 1968, and again on February 27, 1969. The plaintiff gave Dr. Kirgis practically the same history that he had given Dr. Utke. Dr. Kirgis’ examination revealed a moderate limp on the left and a slight to moderate degree of spasm of lumbar paraspinous muscles with some restriction of motion in the lower back. He said that plaintiff appeared to experience increased pain when pressure was exerted over the lower back and to the left of the midline at the lumbo-sacral level. Dr. Kirgis concluded that if the history presented to him was accurate, the plaintiff had sustained a strain of the lumbar paraspinous muscles and ligaments from which he was still experiencing some difficulty. He mentioned that these symptoms might include a ruptured disc that was still in the primary phase of pathology. On plaintiff’s second visit to Dr. Kirgis, which was February 27, 1969, after Dr. Kirgis had examined the plaintiff, he summed up his opinion of his condition as follows:
“A. Well I said it is my impression he has improved considerably although I feel that he probably does have a ruptured lower lumbar interverte-bral disc in the back. I mentioned it appears to be almost asymptomatic and I believe he is capable of returning to light work.”
He suggested that the plaintiff at the time of his second visit might be capable of returning to light work, but that he could not perform work that would require climbing, or repeated heavy lifting, or work in a stooped position for long hours. Dr. Kirgis stated that if he were examining *812 the plaintiff, in his present condition, to go to work for one of his industrial clients, he would not pass him in a completely unqualified manner. However, he thought that it would be possible for the plaintiff to be sufficiently recovered in from three to six months to return to work without restrictions.
Dr. Fred C. Webre, an orthopedic specialist, examined the plaintiff on April 28, 1969 for the defendant. He gave the plaintiff a physical examination, which included an orthopedic examination of the low back. His diagnosis was that the plaintiff had no objective evidence of impairment to his back and that it was his opinion that he could return to work as a laborer. He said the plaintiff complained of pain in the left hip, thigh and calf, but that he found no objective reasons for such pain. He admitted that although the test that he made indicated there was nothing wrong with the plaintiff, it was possible that he did have disabilities that he failed to detect.
At the time of the trial in May, 1969, some seven months after the plaintiff had sustained the accidental injuries, Dr. Utke had not released him for regular full time work. He agreed with Dr. Kirgis that the plaintiff might be able to do light work, and that he could probably return to his usual work in from three to six months. However, the plaintiff explained that he had been unable to try any light work at the time of the trial, because his former employer had moved away and left the State, and that employment by his former employer was not available. Full time work at hard labor was all that was available, and he could not perform such work without pain and risking the aggravation of his injuries.
We agree with the Trial Judge that at the trial of this case the plaintiff- may have been able to do light work, and he was not able to do the same kind of work that he was doing when injured, or similar work. We are now confronted with the issue of what period of time should benefits be granted. Both Dr. Utke and Dr. Kirgis suspected that plaintiff had sustained a ruptured disc in his lower back. The evidence fails to show that plaintiff was given a myleogram or other tests to rule out the possibility of a herniated disc. Yet his disability had persisted to the time of the trial. Although both Dr. Utke and Dr. Kirgis opined the probability that plaintiff would fully recover in from three to six months, considering the record as a whole we think his award of compensation should not be restricted to the period fixed by the trial judge. Where it appears at the trial that a workman’s disability may last for an extended period, the general rule is expressed by Malone, Louisiana Workmen’s Law and Practice (1951), Section 280, p. 352, as follows:
“If at the time of trial it appears that the injury will produce disability for an extended period, the court will not usually indulge in conjecture or attempt to fix definitely the number of weeks for which compensation shall be paid. In such cases the award will be made for “the duration of the disability,” subject, of course, to the appropriate maximum. Whenever thereafter the disability ceases the employer is authorized by the statute to apply for a modification of the judgment. Thus he is fairly protected against imposition.”
In Comeaux v. Ashy Enterprises, Inc., La.App., 195 So.2d 752, the Court said:
“In the first place, “ * * * the test is not whether a plaintiff in a compensation case is able to do light work, but is whether or not he is able to do the same work he was doing when injured, or similar work, and (the courts) are not to speculate on the time it would require for his recovery or in fact whether he would recover at all,” Soileau v. Tyl, *813 La.App. 3 Cir., 148 So.2d 173, 176, and decisions there cited.
“Further, as stated in Andrus v. Great American Ins. Co., La.App. 3 Cir., 161 So.2d 109, 112: * * where a claimant is totally disabled at the time of the trial, and the evidence is conflicting or uncertain as to when he may recover, compensation should be awarded for the maximum number of weeks prescribed for permanent disability, since the defendant employer is protected by the provision permitting revision of the judgment after six months should the disability terminate or lessen. (Citations omitted.)’”
In the case of Harris v. Argonaut Insurance Company, La.App., 142 So.2d 501, the Court said:
“Where a claimant is shown to be totally disabled at the time of trial and the evidence does not clearly indicate the duration of disability, compensation should be awarded for the maximum number of weeks for total and permanent disability. Monk v. American General Insurance Company, La.App. 2d Cir., 1962, 137 So.2d 459,462; Thomas v. Crown-Zellerbach Corporation, La.App. 1st. Cir., 1958, 101 So.2d 478, 482; Peavy v. Calcasieu Paper Co., La.App. 1st Cir., 1954, 70 So.2d 755.”
Having concluded that the plaintiff is unable to do work of any reasonable character within the meaning of the Louisiana Workmen’s Compensation Act, the judgment of the Trial Court is amended to grant the plaintiff compensation benefits during the period of his disability not to exceed 400 weeks.
The judgment, from which this appeal was taken, was signed May 15, 1969. More than six months has elapsed since its rendition. Therefore, if the plaintiff has recovered fully from his disability, the defendant, under the provisions of LSA-R.S. 23:1331, has the right to seek a modification of that judgment through the trial court on the grounds that the incapacity of the plaintiff has diminished. If the plaintiff is still incapacitated, he is entitled to compensation benefits during the period of his disability. Hence, the rights of both plaintiff and defendants are protected.
As to penalties and attorney’s fees, an examination of the evidence in the record convinces us that the judgment of the Trial Court in finding that the failure of the defendants to pay plaintiff compensation and medical expenses was neither arbitrary nor capricious under the circumstances. The evidence is in dispute with reference to defendants’ knowledge of plaintiff’s disability. But it is not contradicted that the first occasion when defendant was able to have the plaintiff examined by a physician of its choice was April 28, 1969, or approximately ten days before the trial of this case. That examination was secured only because counsel for defendant filed a rule on plaintiff and obtained a court order requiring him to submit to a medical examination. Therefore, the judgment of the lower court rejecting plaintiff’s demands for penalties and attorney’s fees is affirmed.
For the above and foregoing reasons, the judgment of the lower court is amended by awarding compensation to the plaintiff, Lucius Thomas, Sr., and against the defendants, Form-Crete, Inc. and the Home Indemnity Company, jointly and in solido, at the rate of $35.00 per week beginning September 19, 1968, during the period of disability not to exceed 400 weeks, with legal interest on the unpaid portion of each installment from its respective due date, until paid. Otherwise the judgment of the Trial Court is affirmed. The defendants to pay all cost of this appeal.
Judgments amended and, as amended, affirmed.