HEARD, Judge.
In this case Curtis B. Hay filed suit for workmen’s compensation benefits arising from injuries received on January 31, 1961 while in the employ of L. L. Brewton Pulpwood, Inc. Compensation payments were made until Nov. 9, 1956 at which time they were terminated. Thereafter plaintiff instituted this action. From a judgment rejecting his demands plaintiff has appealed.
The only dispute herein is the extent of plaintiff’s injury. Hay was assisting in loading a pulpwood truck owned by defendant at the time of the accident. Hay was on top of the truck when a boom pole swung around knocking him to the ground. He was rendered unconscious and suffered injuries to his head, left hip and back. Immediately after the accident Hay was taken to Winnfield General Hospital and treated by Dr. John R. McElwee on some thirty occasions until Sept. 26, 1961. Dr. McElwee in his report dated September 1, 1961 and introduced in evidence in lieu of his testimony, stated that plaintiff was suffering from contusions of the head and left hip; a subsequent report dated December 28, 1961 set forth “contusions, head and left hip, ruptured intervertebral disc.”
Dr. T. W. Meriwether, an orthopedic surgeon, examined Hay on four occasions beginning February 22, 1961. On that date his diagnosis was “Possible protruding in-tervertebral disc syndrome L-5 right.” On his next report dated March 21, 1961 the doctor stated: “This patient, although improved, is still showing definite evidence of organic pathology within the low back. On the basis of his present findings and those of his previous findings, I still feel that he very possibly has protruding in-tervertebral disc syndrome, the exact degree of which is impossible to determine, in my opinion, at the present time. * * * ” In his report of April 26, 1961 the doctor stated: “In view of the persistent muscle irritation, and positive physical findings I feel that conservative care is indicated, and he was requested to continue his present regimen of care and return to be examined on the 9th of May at which time a followup report on his condition, and any recommendations as to future course other than above will be sent to your office. * * * ” In his report of July 12, 1961 Dr. Meri-wether states: “On re-examination there was no significant change in his physical findings, and he still shows symptoms and physical findings of nerve root irritation from a protruding lumbar disc. Patient was advised by this examiner and also by Dr. McElwee, that in view of the protracted symptoms and the failure to respond to conservative measures that surgery was now indicated * * * ”
Dr. T. E. Banks, an orthopedic surgeon of Alexandria, testified by deposition that he examined the plaintiff on three occasions, the first on August 25, 1961; on July 17, 1962 and on August 24, 1965. Dr. Banks stated he felt Mr. Hay had some evidence of low back pathology but was not marked but was disabling; that he felt that the possibility of disc herniation should be considered and ruled out and recommended that myelography was indicated in an effort to establish a diagnosis and make recommendation for further treatment. The doctor also stated that it was his impression that plaintiff would not be able to work.
Dr. Heinz K. Faludi stated that he saw plaintiff on December 3, 1965 on one occasion; that it appeared to him that plaintiff suffered from a chronic back sprain and that he was still symptomatic from it at the time he saw him. The doctor stated that a patient like that could probably do a moderate amount of work but that he would not recommend that he do pulpwood type work.
Dr. Frederick C. Boykin, an orthopedic surgeon in his report dated October 27, 1965 stated: “Aside from his subjective complaints, I cannot find any clinical evidence to indicate that this patient is still experiencing nerve root compression or irritation in the lumbar area. There are discrepancies in his examination which in *564 dicate that this patient, is consciously or subconsciously magnifying his complaints. * * * Although this patient may have sustained some degree of disc injury in 1961 on the basis of his examination today, I feel that there is no objective evidence that there is disc compression at this time and I see no evidence to indicate that this man needs any consideration of surgery.”
Dr. J. L. Henderson of Natchez, Mississippi, in his report of December 3, 1969 stated: “It is my opinion that this man has a protruded lumbar disc and would benefit from surgery. I am afraid that even if he obtained a good result we would get an overall poor result. I can find little justification from the physical standpoint, even with the disc syndrome present, for this man not having done any sort of work in the past eight year period. We know people who have disc protrusions and work in spite of the pain and discomfort. I recommended surgery to this man when he was here but after thinking his case over, I do not believe I would be interested in doing any surgical procedure except perhaps a myelogram.”
Nowhere do any of the doctors state that plaintiff is able to perform without pain the duties of the occupation in which he was injured. In the case of Andrus v. Great American Insurance Company, La. App., 161 So.2d 109 (3d Cir. 1964) total disability was defined by the court thus:
“Under the workmen’s compensation law, a claimant is considered totally disabled when, because of the injuries received in the accident, he is nó longer able to perform without pain the heavier duties of the occupation in which injured. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175; Cloud v. W. H. C. Pipeline Co., La.App. 3 Cir., 155 So.2d 458. Further, where a claimant is totally disabled at the time of the trial, and the evidence is conflicting or uncertain as to when he may recover, compensation should be awarded for the maximum number of weeks prescribed for permanent disability, since the defendant employer is protected by the provision permitting revision of the judgment after six months should the disability terminate or lessen. Soileau v. Tyl, La.App. 3 Cir., 148 So.2d 173; Ware v. Industrial Timber Products, Inc., La.App. 3 Cir., 147 So.2d 672; Harris v. Argonaut Insurance Co., La.App. 2 Cir., 142 So.2d 501.” [161 So.2d 109, 112]
In view of the testimony of all the doctors this court is of the opinion that plaintiff is unable to perform the heavy duties of the occupation in which he was engaged at the time of his injury, and therefore plaintiff is entitled to total disability payments.
The rights of the plaintiff to prove unpaid medical expenses and fix expert witnesses’ fees are reserved.
Therefore, there is now judgment in favor of plaintiff Curtis B. Hay, against L. L. Brewton Pulpwood, Inc., condemning defendant to pay the sum of $31.20 per week beginning January 31, 1961 during disability, not to exceed 400 weeks, less compensation paid to November 9, 1965, with 5% per annum interest on each past due installment until paid, and costs.
Judgment reversed.